In the Matter of the Claim of SAMUEL BRAITER, Respondent, against ADDIE Co., INC., Appellant.
STATE INDUSTRIAL BOARD, Respondent.

Argued January 22, 1940; decided March 5, 1940.

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* of counsel), for respondent. The evidence establishes that claimant was employed in violation of the Labor Law (Cons. Laws, ch. 31) and the findings of the State Industrial Board were amply supported by the evidence. (*People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25; *Matter of Cross* v. *General Motors Corp.*, 249 N. Y. 522; *Matter of Kociolowicz* v. *Tonawanda Corrugated Box Co.*, 252 App. Div. 716; *Matter of Davidowicz* v. *Klipstein*, 272 N. Y. 543; *Miller* v. *Jost*, 217 App. Div. 810; *Matter of Dixon* v. *Pequot Mfg. Co.*, 235 App. Div. 882; *Matter of Foyt* v. *Daigler*, 236 App. Div. 420; *Matter of Labish* v. *De Noyelles Brick Co.*, 231 App. Div. 484; *Dekanski* v. *Duttenhofer Sons, Inc.*, 226 App. Div. 710.)

*Lester Lewis Jay* and *Philip F. Jacobs* for appellant. The evidence that the employer acted with reasonable care and prudence in ascertaining the age of claimant, especially where it is found that such claimant had, at the time of employment, deliberately misrepresented his age, and where his physical appearance and general demeanor substantiated such misrepresentation, should not have been disregarded. Therefore, the award was against the weight of the evidence and should be modified by striking

out the award of double indemnity as against the employer. (*Koester* v. *Rochester Candy Works*, 194 N. Y. 92; *Boshaw* v. *Newberry Co.*, 259 Mich. 333.) The imposition of a penalty without giving the employer an opportunity to defend by showing exercise of due diligence in ascertaining minor's age violates due process of law clauses of the Federal and State Constitutions. (*Colon* v. *Lisk*, 153 N. Y. 188; *Wright* v. *Hart*, 182 N. Y. 330; *Tenement House Dept.* v. *Whitney*, 145 N. Y. Supp. 1011; *Tenement House Dept.* v. *McDevitt*, 215 N. Y. 160; *Nebbia* v. *People*, 291 U. S. 502; *Stuart* v. *Palmer*, 74 N. Y. 183; *Matter of Carroll* v. *Knicker-bocker Ice Co.*, 218 N. Y. 435; *Matter of Tesar* v. *National Ventilating Co.*, 227 App. Div. 333.) The imposition of a penalty without giving the employer an opportunity to defend by showing exercise of due diligence in ascertaining minor's age, violates section 16 of article 3 of the Constitution of the State of New York. (*Koester* v. *Rochester Candy Works*, 194 N. Y. 92; *Stenson* v. *Flick Constr. Co.*, 146 App. Div. 66; *Lee* v. *Sterling Silk Mfg. Co.*, 134 App. Div. 123; *Solomon* v. *Royal Art Glass Co.*, 83 Misc. Rep. 53; *Kircher* v. *Iron Clad Mfg. Co.*, 134 App. Div. 144; *Rubino* v. *Schenk & Schlichte, Inc.*, 77 Misc. Rep. 188.)

*Per Curiam.* In the absence of proof that an employment certificate, vacation work permit or a certificate of age was on file in the place of claimant's employment (Labor Law [Cons. Laws, ch. 31], §§ 131, 132), it is no defense to a claim for double compensation under section 14-a of the Workmen's Compensation Law (Cons. Laws, ch. 67), by a claimant employed in violation of section 131 of the Labor Law, that the employer was not negligent in determining the age of the claimant at the time of employment. (*Matter of Davidowicz* v. *Klipstein*, 272 N. Y. 543; *Matter of Kociolowicz* v. *Tonawanda Corrugated Box Co.*, 252 App. Div. 716; leave to appeal denied, 276 N. Y. 689.)

The order should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.