LEMUEL ASHE, EMPLOYEE v. JACK BARNES, EMPLOYER.

(Filed 20 September, 1961.)

1. **Master and Servant § 46— Procurement of accident policies on employees does not exempt employer from liability under Compensation Act.**

   The fact that an employer who fails to purchase compensation insurance procures and pays the premiums on accident policies taken out on each of his employees does not exempt the employer from liability under the provisions of the Compensation Act, nor does the fact that an injured employee accepts the benefits under the accident policy amount to an election to exempt himself from the provisions of the Act or estop him from claiming compensation under the Act, there being nothing in the record to show that the employee knew, prior to time of his injury, that the employer was not carrying Workmen's Compensation insurance as required by law, or that either the employer or employee had exempted himself from the provisions of the Act in the manner required by G.S. 97-4. G.S. 97-93.

2. **Master and Servant § 67—**

   Disability benefits and hospital and medical payments received by the employee under an accident policy procured by the employer and upon which the employer alone paid the premiums, may not be deducted by the employer from the award of compensation to the employee for injuries causing the disability, even though the liability of the employer under the Act was not protected by compensation insurance. G.S. 97-6, G.S. 97-42.

APPEAL by defendant from *Bone, J.,* February Term 1961 of WASHINGTON.

This is a proceeding to recover for injuries sustained in an accident, pursuant to the provisions of our Workmen's Compensation Act.

Defendant Jack Barnes was engaged in the business of cutting trees for pulp wood. He had in his employ seven men, among whom was plaintiff Lemuel Ashe. The employer, before engaging in said business, did not give the formal notice required to exempt himself from the provisions of our Workmen's Compensation Act, as required by the Act. However, before entering upon the work, he took out a policy of insurance upon each man in his employ in the Nationwide Mutual Insurance Company (hereinafter referred to as Nationwide). The respective policies provided for certain stated benefits, including the payment of $100.00 per month for a period not exceeding sixty months for total disability due to accident. Plaintiff has been receiving $100.00 per month from Nationwide since his accident. Defendant paid the premium for the aforesaid policy and no part thereof was charged to or paid by the plaintiff.

The above insurance policy also provided for the payment of certain stated hospital and surgical benefits, and further provided that the hospital and surgical provisions of the policy do not cover loss "for which benefits are payable under any Workmen's Compensation, Occupational Disease, Employer's Liability or similar law of any State or Federal Insurance."

It appears from the record that hospital benefits in the sum of $1,640.00 have been paid by Nationwide based on statements that there was no workmen's compensation coverage.

At the hearing before the hearing commissioner the parties stipulated:

"1. The parties were subject to and bound by the provisions of the Workmen's Compensation Act at the time of the injury by accident * * *.

"2. The employer-employee relationship existed between plaintiff and defendant at such time.

"3. On 15 September 1959 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant."

The hearing commissioner found as a fact that the plaintiff's injury by accident occurred when he was struck by a log while working for the defendant. The evidence further tended to show that the plaintiff at the time of the hearing had 75 per cent permanent partial disability of both legs, which condition had not reached maximum improvement. Plaintiff's average weekly wage while working for the defendant was found to be $25.55. It was found as a fact that the defendant had not insured his liability under the Workmen's Compensation Act at the time of the injury by accident giving rise to the present action. However, the defendant was insured by workmen's compensation insurance at the time of the hearing. Hence, no penalty is imposed pursuant to G.S. 97-94.

The hearing commissioner held that the policy taken out by the defendant on the plaintiff in Nationwide does not meet the requirements of our Workmen's Compensation Act and is not workmen's compensation insurance; that such policy appears to be in the nature of a "fringe benefit," such as life insurance, on and off the job sickness or accident insurance, annual leave, et cetera, which many employers furnish their employees as part of the terms of employment; that our Compensation Act does not authorize the substitution of such insurance for workmen's compensation insurance, nor does the law authorize the employer to be given credit for monies paid pursuant to the provisions of such a policy; that G.S. 97-42 applies only to payments made by the employer.

The hearing commissioner concluded as a matter of law that the

defendant is not allowed to take credit for monies paid for or on behalf of plaintiff by Nationwide pursuant to the terms of its policy.

Plaintiff was awarded compensation at the rate of $15.33 per week for temporary total disability commencing 15 September 1959, such compensation to continue until plaintiff reaches maximum improvement, or to the end of the healing period, or until he has a change of condition. Defendant was likewise directed to pay all medical expenses incurred as a result of plaintiff's injury, when such bills have been submitted to and approved by the Industrial Commission.

The defendant appealed to the full Commission, filing exceptions to the refusal of the hearing commissioner to find as a fact that when the defendant took out the accident policy with Nationwide it was the intention of the parties that such policy was to provide for all injuries sustained by plaintiff during his employment, and by his acceptance of the benefits provided in such policy he elected not to be bound by the provisions of the Workmen's Compensation Act and is estopped from claiming any benefits thereunder.

The full Commission overruled these exceptions and affirmed the findings of fact and conclusions of law of the hearing commissioner and the award entered by him.

The defendant excepted to the ruling of the Commission and appealed to the Superior Court on the same grounds. The Superior Court overruled the exceptions and affirmed the award of the Industrial Commission.

The defendant appeals, assigning error.

*Bailey & Bailey for plaintiff appellee.*
*W. L. Whitley for defendant appellant.*

DENNY, J. The appellant poses these questions: (1) When the employee, Ashe, elected to accept the insurance policy provided for him by his employer, Barnes, did he not elect thereby to exempt himself from the provisions of our Workmen's Compensation Act? (2) When the employee, Ashe, accepted benefits under the Nationwide policy and which he continues to do, did he not thereby estop himself from claiming under the provisions of our Workmen's Compensation Act? In our opinion, both of these questions must be answered in the negative.

It appears from the evidence offered by the employer before the hearing commissioner that the agent of Nationwide who wrote the policy on plaintiff Ashe informed defendant Barnes that the policy was not workmen's compensation insurance, and also that he knew at

the time he wrote the Nationwide policy that Barnes was not carrying workmen's compensation insurance on his employees.

"In general, doctrines of waiver and estoppel do not apply in workmen's compensation cases and they may not be invoked to defeat rights granted, or to avoid burdens imposed, thereunder." 100 C.J.S. Workmen's Compensation, section 389, page 155; *Sackolwitz v. Charles Hamburg & Co.,* 295 N.Y. 264, 67 N.E. 2d 152; *Matter of Braiter v. Addi Co.,* 282 N.Y. 326, 26 N.E. 2d 277; *Micieli v. Erie R. Co.,* 131 *N.J.L.* 427, 37 A. 2d 123.

There is nothing in the record on this appeal to indicate that employee Ashe knew prior to or at the time of his injury, that his employer was not carrying workmen's compensation insurance as required by law, or that his employer had procured the accident policy from Nationwide on his life.

G.S. 97-3 provides: "From and after July 1, 1929, every employer and employee, except as herein stated, shall be presumed to have accepted the provisions of this article respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he shall have given, prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided."

It is not contended that either employer Barnes or employee Ashe exempted himself from the Workmen's Compensation Act in the manner required in G.S. 97-4. Moreover, it is provided in G.S. 97-93, in pertinent part, as follows: "Every employer who accepts the provisions of this article relative to the payment of compensation shall insure and keep insured his liability thereunder * * * or shall furnish to the Industrial Commission satisfactory proof of his financial ability to pay direct the compensation in the amount and manner and when due as provided in this article * * *." The appellant did not comply with the provisions of the foregoing statute in either respect.

In view of our conclusion with respect to the questions posed by the appellant, is the employer entitled to have the sums paid by Nationwide to his employee credited on payments required under the award of the Industrial Commission? Our Workmen's Compensation Act allows a deduction from the amount to be paid as compensation for payments made by the employer to the injured employee before an award is made by the Industrial Commission. The pertinent statute, G.S. 97-42, reads as follows: "Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this article were not due and payable when made, may, subject to the approval of the Industrial Commission, be deducted from the amount to be paid as compensation. Pro-

vided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment."

We have not found a case where this Court has construed the above statute with reference to the question involved, and there is very little authority to be found in other jurisdictions.

In *Butler v. Lee,* 97 Ga. App. 184, 102 S.E. 2d 498, the Court said: "There is no provision of law under which payments to an employee under a company-owned health and accident insurance policy, whether for the payment of medical bills or otherwise, may be deducted from payments required under the Workmen's Compensation Act. The hearing director did not err in failing to deduct from the amount of an award made to an employee sums received by such employee under a policy of accident insurance maintained by the employer."

In the case of *Alabam Freight Lines v. Chateau,* 57 Ariz. 378, 114 P. 2d 233, the employer took out an accident insurance policy on his employees, on which he paid all the premiums. Chateau, an Alabam employee, suffered an injury on the job, for which his employer paid his medical and hospital bills, and in addition turned over to him $409.00 received as proceeds from the accident insurance policy. Subsequently, the Industrial Commission awarded Chateau the sum of $307.00 as compensation for lost time, and ordered his employer to pay for reasonable medical and hospital treatment. The Industrial Commission further ordered that any payment of compensation or medical benefits theretofore made by the employer be credited against the award and were deductible therefrom. The employer sought to enjoin the collection of the award on the ground that it had already been paid; in that Chateau had received an amount in excess of the award from the accident insurance policy. The Court held that the proceeds from the accident insurance policy should not be credited against the award in favor of the employee as compensation for his lost time, even though the employer paid all of the premiums for the insurance. The Court further said: "There is no connection, as a matter of law, between the amount which he was entitled to under the accident insurance policy and the amount which was due him as an award under the workmen's compensation law. By the terms of that award, (the employer) was required to pay a fixed sum for compensation, and also the necessary medical expenses. It was also provided that any sums which had been paid previously on either the compensation or the medical expenses might be deducted from the award. All of the medical expenses having been paid by (the employer) under its contract with (the employee), the latter had no further claim under the award against (the employer) for medical expenses. But he did have

a right to recover from (the employer) the award of compensation, for the amount paid him under his accident policy was not, and could not be, a payment on the award. The one rested upon the workmen's compensation law and the other upon a contract between (the employer) and the insurance company for the benefit of (the employee)." This case was cited with approval and followed in *Whipple v. Industrial Commission*, 59 Ariz. 1, 121 P. 2d 876.

There is nothing in our Workmen's Compensation Act that prohibits an employer from making special provisions for an injured employee beyond those benefits which the employee is entitled to receive under the provisions of our Workmen's Compensation Act.

It is well known that many employers of labor who carry Workmen's compensation insurance on their employees, or who are self-insurers, provide pension funds and other benefits for their employees, *Grady v. Appalachian Electric Power Co.*, 126 W.Va. 546, 29 S.E. 2d 878, but there is no provision in our law which authorizes an employer subject to our Workmen's Compensation Act to substitute an accident policy in lieu of compensation and other benefits required by our Workmen's Compensation Act. G.S. 97-6.

The judgment of the court below is
Affirmed.