BELVA S. FOSTER, EMPLOYEE PLAINTIFF APPELLEE v. WESTERN ELECTRIC
CO., EMPLOYER, SELF-INSURED, DEFENDANT APPELLANT

No. 8510IC1337

(Filed 2 September 1986)

1. **Master and Servant § 69— workers' compensation—no deduction for temporary disability payments**

    The Industrial Commission did not err by denying the employer a credit
    for compensation paid to the employee under a disability and sickness benefits
    plan separate from workers' compensation. The sickness and disability benefit
    plan was a fringe benefit payable whether or not the employee's absence was
    due to a work-related accident and the fact that benefits due under the plan
    were coordinated with workers' compensation did not bring payments under
    the plan within the purview of N.C.G.S. § 97-42; moreover, there was no
    evidence that the payments were made by the employer in that there was no
    evidence of how the plan was funded.

2. **Master and Servant § 69— workers' compensation—finding that plaintiff could
    collect company disability benefits and workers' compensation—no prejudicial
    error**

    The evidence did not support a finding by the Industrial Commission that
    plaintiff could collect under a company benefit plan both company disability
    benefits and workers' compensation benefits; however, there was no prejudice
    in light of the ruling on the prior assignment of error.

    Judge WEBB dissenting.

APPEAL by defendant from Opinion and Award of the Industrial Commission filed 26 September 1985. Heard in the Court of
Appeals 17 April 1986.

Plaintiff was injured on 17 March 1982. She was out of work
from 18 March until 10 October 1982. During this time, she was
paid $7,598.16 in weekly installments under an employees' disability benefit plan. On 30 August 1984, the Industrial Commission
entered an Opinion and Award for temporary total disability for
the same time period, totalling $6,741.96. Defendants did not appeal that award, but rather made a motion with the Commission
that they be allowed a credit against the award of benefits for the
payments made under the employees' plan.

An evidentiary hearing was held on 8 November 1984 before
Deputy Commissioner Brenda Becton. She concluded that defendant was not entitled to any credit for payments made under the

employees' plan. Her decision was adopted and affirmed by the Full Commission. Defendant appeals.

*Frye and Kasper by Warren E. Kasper for plaintiff-appellee.*

*Womble, Carlyle, Sandridge and Rice by Richard T. Rice for defendant-appellant.*

PARKER, Judge.

[1] Defendant first argues, based on its assignment of error No. 2, that the Industrial Commission erred in denying the employer a credit for compensation previously paid to the employee during the period of temporary total disability. Defendant employer maintained a disability and sickness benefits plan separate from workers' compensation. The plan provided:

> In case any benefit, which the Committee shall determine to be of the same general character as a payment provided by the Plan, shall be payable under any law now in force or hereafter enacted to any employee of the Company, the excess only, if any, of the amount prescribed in the Plan above the amount of such payment prescribed by law shall be payable under the Plan . . . .

Payments made to plaintiff during her disability were paid under this plan since defendant contended plaintiff's injury was not compensable under workers' compensation. Western Electric now argues that G.S. 97-42 permits it to take credit for these payments made under the disability plan against a subsequent award of workers' compensation benefits. G.S. 97-42 reads:

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Industrial Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment.

In *Moretz v. Richards & Associates, Inc.,* 316 N.C. 539, 541, 342 S.E. 2d 844, 846 (1986), our Supreme Court noted with respect to this statute:

In North Carolina, this section has been held not to apply to
fringe benefits or to insurance proceeds that are of a contrac-
tual nature rather than proceeds that are grounded in the
workers' compensation law. *Ashe v. Barnes*, 255 N.C. 310, 121
S.E. 2d 549 (1961).

The benefit plan under consideration in the instant case is a con-
tractual arrangement between employer and employee incident to
employment. A sickness and disability benefit plan is a fringe
benefit designed to enhance the attractiveness of initial employ-
ment and to encourage loyalty and longevity after an employee is
trained. The testimony in this case was that the benefit was
payable whether the employee's absence was due to a work-
related accident or not. The fact that benefits under the plan
were coordinated with workers' compensation does not bring pay-
ments under the plan within the purview of G.S. 97-42 as inter-
preted in *Moretz, supra.*

This interpretation appears to be the general rule in other
jurisdictions as well. *See* 4 Larson, *The Law of Workmen's Com-
pensation* § 97.51(a) (1986). As noted in *Larson*, when confronted
with a question of offset or credit for a private contractual plan:

> [o]ne cardinal principle . . . should ordinarily settle most such
> questions. That principle is the simple proposition that the
> contractual excess is not work[ers'] compensation. It performs
> the same functions, and is payable under the same general
> conditions, but legally it is nothing more than the fruit of a
> private agreement to pay a sum of money on specified condi-
> tions.

4 Larson, *supra,* § 97.53. As North Carolina does not have a
specific statutory authorization to allow an employer the credit
sought here, the Industrial Commission did not err in denying the
employer's motion for credit.

Moreover, even if it be assumed *arguendo* that payments
under the plan were not contractual in nature, there is no evi-
dence in the record that the payments were made by "the em-
ployer" as required by the statute. The record is devoid of any
evidence as to how the plan was funded—whether by insurance
paid for by the employer, whether by employer contributions or
whether by a combination of employer and employee contribu-

tions. For the foregoing reasons, defendant's second assignment of error is overruled.

[2] Defendant next argues that the Industrial Commission erred in finding that at the time plaintiff began working for defendant, the benefit plan in effect would allow plaintiff to collect both company disability benefits and workers' compensation benefits. Defendant contends that there was no competent evidence in the record to support the finding. We agree. Finding of Fact No. 3, to which defendant has taken proper exception, states:

> 3. Plaintiff began working for defendant in 1971. *At that time*, defendant had a disability benefits plan for its employees that permitted the defendant's employees benefit committee to *reduce temporary total disability payments to* an employee under the plan by the amount of any payment payable to an employee *under any law*. At the time plaintiff began working for defendant, the benefit plan in effect would allow plaintiff to collect both the company disability benefits and workers' compensation benefits. (Emphasis added.)

Whether there is competent evidence sufficient to support a finding of fact is a question of law reviewable on appeal. *Barham v. Food World, Inc.*, 300 N.C. 329, 266 S.E. 2d 676 (1980). Our review of the record discloses no evidence whatever to support a finding that at the time plaintiff's employment commenced she could collect both company disability benefits and workers' compensation benefits. On the other hand, the testimony and exhibits support the finding that at the time of plaintiff's employment, benefits under the company plan would be reduced by the amount payable under any law. The Workers' Compensation Act is a law; *a fortiori*, plaintiff was not entitled to collect both company benefits and workers' compensation at the time her employment commenced.

However, in view of our disposition of defendant employer's second assignment of error, this finding of fact and exercise of discretion based thereon were not prejudicial.

Defendant's last assignment of error concerning the Commission's denial of its motion for a new hearing is similarly overruled.

The Opinion and Award of the Full Commission is

---

Affirmed.

Judge EAGLES concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I do not believe *Moretz v. Richards and Associates, Inc.*, 316 N.C. 539, 342 S.E. 2d 844 (1986) mandates the result reached by the majority. That case dealt with a contention by the defendants that they should receive credit on an award for a permanent partial disability for disability payments made before the plaintiff was found to be permanently partially disabled. In this case the disability and sickness benefits plan did not provide "fringe benefits or . . . insurance proceeds that are of a contractual nature. . . ." It contemplated that some of its benefits might overlap with benefits under the Workers' Compensation Act and provided that the plaintiff would not be paid under the plan for anything for which the plaintiff received workers' compensation. I disagree with the majority that the coordination of the plan with workers' compensation does not bring payments under the plan under G.S. 97-42. I believe the plain words of the statute make this section applicable in this case. I vote to reverse the opinion and award of the Industrial Commission.