BELVA S. FOSTER, EMPLOYEE PLAINTIFF APPELLEE v. WESTERN-ELECTRIC CO., EMPLOYER; SELF-INSURED, DEFENDANT APPELLANT

No. 624A86

(Filed 7 July 1987)

**Master and Servant § 69— workers' compensation—deduction for temporary disability payments under private plan**

An employer was entitled to credit for payments made to an injured employee under a private disability plan against the amount owed as workers' compensation where the employer had not accepted plaintiff's injuries as compensable under workers' compensation at the time the private payments were made, nor had there been a determination of compensability by the Industrial Commission. Payments made by defendant cannot be characterized as due and payable and thus remain under the purview of N.C.G.S. § 97-42.

Justices MITCHELL and WEBB did not participate in the consideration or decision of this case.

Justice MEYER concurring.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, reported in 82 N.C. App. 656, 347 S.E. 2d 471, which affirmed the opinion and award of the full Commission filed 6 September 1985. Heard in the Supreme Court 11 March 1987.

*Frye and Kasper, by Warren E. Kasper, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice, for defendant-appellant.*

MARTIN, Justice.

The sole issue raised on this appeal is whether defendant-employer is entitled to a credit of payments made to plaintiff-employee under a private disability plan against the amount owed plaintiff as workers' compensation. We hold that defendant is entitled to a credit under N.C.G.S. § 97-42 and accordingly reverse the decision of the Court of Appeals.

Plaintiff, an employee of defendant's, was injured on 17 March 1982 when an automobile exiting defendant's parking lot struck her as she crossed the road in front of defendant's premises. Plaintiff was unable to work from 18 March through 10 October 1982. Defendant denied that plaintiff had been injured by an accident arising out of and in the course of her employment as required under workers' compensation. On 23 March 1982 defendant began paying plaintiff benefits pursuant to the company's Sickness and Accident Disability Benefit Plan. The plan provided benefits to employees for all disabling injuries, even though not work-related. Plaintiff received a total of $7,598.16 in weekly installments under the plan during the time she was unable to work. This amount included "full pay" of $342.26 per week from 23 March through 29 June and "half pay" of $171.13 per week from 30 June through 10 October. All payments were made prior to any determination by the Industrial Commission.

On 30 August 1983, the Commission ruled that plaintiff had been temporarily totally disabled by an accident arising out of and in the course of her employment. The Commission entered an award in the amount of $6,741.96 which encompassed the same time period for which plan benefits had already been received. Defendant then moved pursuant to N.C.G.S. § 97-42 that the award be offset by credit for the amounts previously paid plaintiff under the plan. At a separate evidentiary hearing on this issue, the deputy commissioner denied defendant's motion. This ruling was affirmed in turn by the full Commission and the Court of Appeals.

In affirming the denial of credit under section 97-42, the Court of Appeals relied upon *Moretz v. Richards & Associates*, 316 N.C. 539, 342 S.E. 2d 844 (1986). We disagree with the Court of Appeals' interpretation of *Moretz* and find that the *Moretz*

analysis of section 97-42 does not support the result reached below.

N.C.G.S. § 97-42 provides that

[a]ny payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article *were not due and payable when made*, may, subject to the approval of the Industrial Commission be deducted from the amount to be paid as compensation.

N.C.G.S. § 97-42 (1985) (emphasis added).

The denial of credit in *Moretz* turned on our interpretation of the phrase "due and payable." Ordinarily, to establish a compensable claim under the Workers' Compensation Act, the plaintiff must demonstrate that he sustained an injury by accident arising out of and in the course of his employment. *Hoyle v. Isenhour Brick and Tile Co.*, 306 N.C. 248, 293 S.E. 2d 196 (1982); *O'Mary v. Clearing Corp.*, 261 N.C. 508, 135 S.E. 2d 193 (1964). However, in *Moretz*, it was stipulated that the employer's insurance carrier had accepted the employee's claim as compensable under the Act shortly after the injury occurred. Prior to the Industrial Commission hearing, the carrier made disability payments for 362 weeks. At the hearing, the Commission determined that the employee was only entitled to 180 weeks of disability payments, but denied the employer credit under section 97-42 for the benefits already paid. We affirmed the denial of credit, reasoning that "[b]ecause defendants accepted plaintiff's injury as compensable, then initiated the payment of benefits, those payments were *due and payable* and were not deductible under the provisions of section 97-42." 316 N.C. at 542, 342 S.E. 2d at 846 (emphasis added).

In the instant case, on the other hand, defendant had *not* accepted plaintiff's injury as compensable under workers' compensation at the time the payments were made, nor had there been a determination of compensability by the Industrial Commission. Defendant contended that plaintiff's injury was not one arising out of and in the course of her employment because it occurred on a public road rather than on defendant's own premises. Under the analysis of *Moretz*, then, payments made by defendant pursuant to the plan cannot be characterized as due and payable. Because

they were not due and payable when made, the payments remain within the purview of section 97-42. Therefore the Court of Appeals erred in holding that "North Carolina does not have a specific statutory authorization to allow an employer the credit sought here." 82 N.C. App. at 658, 347 S.E. 2d at 472. Section 97-42 cannot be read to exclude deduction of the payments made to plaintiff under the plan in question.

We note parenthetically that the Court of Appeals cited without discussion to *Ashe v. Barnes*, 255 N.C. 310, 121 S.E. 2d 549 (1961), the only other case in which this Court has affirmed the denial of credit under section 97-42. In *Ashe*, the employer's insurance carrier made disability payments to the employee after his accident but prior to the Industrial Commission hearing. The employer stipulated that the employee had sustained an injury by accident arising out of and in the course of his employment. We find that the pertinent stipulations in *Ashe* are essentially indistinguishable from those in *Moretz*, and the *Ashe* payments would be held due and payable under the more recent *Moretz* rationale.

Plaintiff argues that public policy dictates the result reached by the Court of Appeals. To the contrary, the legislative intent underlying section 97-42 and the Workers' Compensation Act as a whole clearly supports the awarding of a credit in the instant case. In ascertaining legislative intent, we are guided by the language of the statute, the spirit of the act, and what the statute seeks to accomplish. *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336 (1986).

The Workers' Compensation Act is designed to relieve against hardship. *Kellams v. Metal Products*, 248 N.C. 199, 102 S.E. 2d 841 (1958). To that end, one of its primary purposes is to provide a swift and certain remedy to injured workers without the necessity of protracted litigation. *Rorie v. Holly Farms*, 306 N.C. 706, 295 S.E. 2d 458 (1982); *see* N.C.G.S. § 97-18 (1985) (prompt payment required). In cases such as this one where compensability under the Act is disputed, it may be some time before the injured worker begins to receive workers' compensation benefits. Here plaintiff's claim was not adjudged to be compensable under the Act until one and one-half years after her injury. Payment by the employer under a private disability plan ac-

complishes sound policy objectives by providing immediate financial assistance to the disabled worker *while* she is disabled. Through its plan, defendant affords a much-needed continuity of income to injured employees fully consistent with the expressed policies of workers' compensation.

The Act is also designed to provide payments based upon the actual loss of wages. Compensation must be keyed to the loss of ability to earn. *Branham v. Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865 (1943). Here the plan in question functions as a wage replacement program tantamount to workers' compensation. The amount of the benefit payment correlates to the worker's wages.

Finally, the Act disfavors duplicative payments for the same disability. *Whitley v. Columbia Lumber Mfg. Co.*, 318 N.C. 89, 348 S.E. 2d 336 ("in lieu of" clause of section 97-31 prevents double recovery). We recognize also that allowing double recovery reduces the incentive to adopt private disability plans providing for immediate payment of benefits.

These policy considerations dictate that an employer such as defendant in this case, who has paid an employee wage-replacement benefits at the time of that employee's greatest need, should not be penalized by being denied full credit for the amount paid as against the amount which was subsequently determined to be due the employee under workers' compensation. To do so would inevitably cause employers to be less generous and the result would be that the employee would lose his full salary at the very moment he needs it most.[1] Plaintiff's proposed construction of section 97-42 is neither liberal nor one made with a view to the public welfare. *See Point v. Westinghouse Electric Corp.*, 382 S.W. 2d 436 (Mo. App. 1964).

Other jurisdictions which have interpreted private benefit plans identical to the plan in this case have uniformly determined that the amount paid under the plan may properly be credited against the amount of workers' compensation awarded. *See, e.g., Western Electric, Inc. v. Ferguson*, 371 So. 2d 864 (Miss. 1979);

---

1. We express no opinion as to whether payments made to a claimant under a plan to which the claimant contributed are within the purview of N.C.G.S. § 97-42. The record before us fails to disclose any contribution by plaintiff to the private disability plan.

*Hull v. Southwestern Bell Telephone Co.*, 565 S.W. 2d 809 (Mo. App. 1978); *Cowan v. Southwestern Bell Telephone Co.*, 529 S.W. 2d 485 (Mo. App. 1975); *Strohmeyer v. Southwestern Bell Telephone Co.*, 396 S.W. 2d 1 (Mo. App. 1965); *Young v. Western Electric Co.*, 96 N.J. 220, 475 A. 2d 544 (1984). We hold that the awarding of a credit under section 97-42 is appropriate in this case.

We therefore reverse the decision of the Court of Appeals and remand to that court for further remand to the Industrial Commission for entry of an order not inconsistent with this opinion.

Reversed and remanded.

Justices MITCHELL and WEBB did not participate in the consideration or decision of this case.

Justice MEYER concurring.

I concur in the result and in the principle that our court decisions should encourage the payment of benefits to injured employees while they are not receiving their regular wages, i.e., "at the very moment he needs it most."

I am unable to concur in that portion of the Court's opinion that discusses and interprets *Moretz* and *Ashe*. Neither of those cases has anything whatsoever to do with the issue presented in the case now before us — whether credits are due employers for payments made to employees under private disability benefit plans. The Court's opinion interprets *Moretz* to hold that if a compensation carrier accepts the claim as compensable and voluntarily pays the injured employee ("at the very moment he needs it most"), the acceptance of the claim as compensable makes the payments made thereunder "due and payable when made" and therefore the carrier is not entitled to any credit for those amounts upon a final award. The Court's opinion compounds the problem by holding for the first time in this case that the payments that were made in *Ashe* "would be held due and payable" under the *Moretz* rationale. It emphasizes under the circumstances presently before us that the employer had *not* accepted the plaintiff's injury as compensable, and therefore "[u]nder

the analysis of *Moretz*, then, payments made by defendant pursuant to the plan cannot be characterized as due and payable." The Court's opinion clearly implies that if a compensation carrier "stonewalls" a claim by denying coverage, it is entitled to a credit for the amount advanced because the carrier had thereby "accepted the plaintiff's injury as compensable" and therefore would not be entitled to a credit on the final award under N.C.G.S. § 97-42. I cannot think of any interpretation of *Moretz* and *Ashe* that would be more detrimental to injured employees.

I see no need to set the principle of *Moretz* in stone, assuming the Court's opinion interprets its holding correctly. If indeed *Moretz* and *Ashe* stand for the proposition that, when a carrier who contests coverage steps forward voluntarily and pays during the period the worker is disabled, the carrier is not entitled to a credit solely by reason of the fact that benefits were paid voluntarily, this Court needs to revisit those cases.