AMOS A. ESTES v. NORTH CAROLINA STATE UNIVERSITY

No. 8710IC558

(Filed 1 March 1988)

**Master and Servant § 69— sick and vacation leave not permissible in lieu of workers' compensation—employer's right to credit for payments**

The State was required to pay workers' compensation for a work-related injury even though the employee, by electing to use accumulated sick and vacation leave, had received his full salary until he retired, since N.C.G.S. § 97-6 and N.C.G.S. § 97-7 prohibit employers, including the State, from providing other benefits in lieu of workers' compensation benefits. However, the cause is remanded for a determination by the Industrial Commission as to whether the sick and vacation leave payments were "due and payable" when made and thus whether the State is entitled to credit for such payments under N.C.G.S. § 97-42.

APPEAL by the State from the Opinion and Award of the North Carolina Industrial Commission filed 24 February 1987. Heard in the Court of Appeals 2 December 1987.

This case involves a workers' compensation claim. Plaintiff was employed as a farm supervisor by North Carolina State University. On 21 September 1984, plaintiff injured his back and left leg in a work related accident and was temporarily totally disabled until 15 August 1985. Plaintiff is permanently partially disabled, 25 percent in his back and 10 percent in his left leg. Plaintiff is physically unable to return to his job.

The University is self-insured and follows the policies in the Personnel Manual of the Office of State Personnel in paying workers' compensation benefits. As stated in the Personnel Manual, the policies in effect at the time of plaintiff's injury gave injured State employees three options in receiving benefits:

Option 1: Take accumulated sick and vacation leave, or any portion of either, and then go on workers' compensation leave and begin drawing workers' compensation.

Option 2: Take sick or vacation leave during the seven-day waiting period and then go on workers' compensation leave and begin drawing workers' compensation.

Option 3: Go immediately on workers' compensation leave and begin drawing workers' compensation after the seven-day waiting period. In this case, if the injury results in disability of more than 28 days, the compensation shall be allowed from the date of disability.

In all cases, unused leave may be retained for future use.

(Note: If an employee has over 240 hours of vacation leave at the time an injury occurs, depending on the nature and time of the injury and the anticipated time out of work, he/she should be advised to exhaust leave in excess of the 240 hours—particularly if the injury occurs late in the year when it would possibly cause a loss of vacation at the end of the year.)

The evidence is conflicting on whether plaintiff was fully aware of the above options and whether he specifically elected to take "Option 1." It is undisputed, however, that plaintiff requested that his overtime and vacation time in excess of 240 hours be used first, that he did not request workers' compensation, and that he received his full salary, based entirely on his accumulated vacation and sick leave, until he retired on 30 November 1985. Except for his injury related medical bills, the State has not paid plaintiff any workers' compensation benefits.

On 20 August 1985, plaintiff requested the Industrial Commission to set his workers' compensation claim for a hearing. At

the hearing on 7 February 1986, the State contended that plaintiff's election to receive his full salary based on his accumulated sick and vacation leave precluded an additional recovery of workers' compensation disability benefits. Deputy Commissioner Haigh disagreed, concluding that the State was required to pay workers' compensation notwithstanding the fact that plaintiff, by using his accumulated sick leave and vacation leave, had already received his full salary for the entire period of his temporary total disability and for part of the period for which he was entitled to permanent partial disability benefits. Deputy Commissioner Haigh's opinion and award only indirectly addressed the issue of whether the State was entitled to credit as against the amount of workers' compensation due for the paid sick and vacation leave, stating:

> [i]n passing, the undersigned notes that inasmuch as the benefits which plaintiff received were based on accumulated sick and vacation leave, as opposed to a mere salary continuation not based on accumulated service, defendant is not entitled to any credit therefor under the provisions of G.S. 97-42.

On appeal, the full Commission affirmed Deputy Commissioner Haigh's opinion and award without comment. The State appeals.

*Gene Collinson Smith for the plaintiff-appellee.*

*Attorney General Thornburg, by George W. Lennon of Monroe, Wyne, Atkins & Lennon, for the State.*

EAGLES, Judge.

The State contends that plaintiff made an election of remedies in choosing to receive payment for his accumulated sick and vacation leave in lieu of workers' compensation benefits and that the Commission erred in awarding plaintiff workers' compensation disability benefits. We disagree.

G.S. 97-6 provides that:

> [n]o contract or agreement, written or implied, no rule, regulation, or other device shall in any manner operate to relieve an employer in whole or in part, of any obligation created by this Article, except as herein otherwise expressly provided.

G.S. 97-6. G.S. 97-7 extends the Workers' Compensation Act to the State. As an "employer" under the Act, the State may not "reject the provisions of [the] Article relative to payment and acceptance of compensation." G.S. 97-7; *see Shipyard, Inc. v. Highway Commission*, 6 N.C. App. 649, 171 S.E. 2d 222 (1969). Therefore, while the State, like any other employer, may provide additional benefits to its injured workers, it may not substitute those benefits for workers' compensation. *See Ashe v. Barnes*, 255 N.C. 310, 121 S.E. 2d 549 (1961) (employer may not escape liability for workers' compensation benefits through disability insurance policy taken out on employee). By giving its employees the choice of taking accumulated sick and vacation leave *in lieu of* accepting workers' compensation disability payments, the State is allowing the employee to reject the benefits of the Workers' Compensation Act in favor of other benefits.

G.S. 97-6, however, proscribes a plan permitting a rejection of benefits. The language of the statute is unequivocal; employers may not provide benefits in lieu of paying workers' compensation. *See Ashe v. Barnes, supra.* The State's argument ignores the mandate of the statute. Instead, the State argues that because plaintiff himself chose to receive his sick leave and vacation leave first and, as a result, obtained more in disability benefits than he would have received under the Workers' Compensation Act, the employee cannot complain about not receiving workers' compensation benefits. An employer's liability for workers' compensation benefits, however, arises from the Act itself, not from any contract with the employee. *Wood v. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979).

The Act contains no exception for cases where the employee, pursuant to a choice provided by the employer, elects to receive other benefits in lieu of workers' compensation benefits. There are any number of situations where a State employee's choice of "Option 1" could result in relieving the State of some or all of its obligations under the Act. For example, where a State employee with 30 days accumulated sick and vacation leave is temporarily totally disabled for a 60 day period and elects Option 1, the State would pay only 30 days of workers' compensation disability payments under G.S. 97-29. At the same time, the employee has used and lost the benefit of the 30 days of sick and vacation leave he earned as compensation for his employment. In return, he re-

ceives his full wage for the first 30 days of his disability, instead of the two-thirds of his wage he would receive in workers' compensation. Although, arguably, that might be a reasonable choice for an employee to make, it is a choice which G.S. 97-6 prohibits.

The State undoubtedly did not intend to pay plaintiff for all of his accumulated sick and annual leave as well as workers' compensation benefits. Because plaintiff was a long-time employee and had accumulated a large amount of leave time, it appears that the State may have already paid more in salary while the employee was on leave than it would have paid if it had paid the workers' compensation benefits first and then paid the employee what he was otherwise due for his accumulated sick and vacation leave prior to his retirement. The wisdom or propriety of the State's offering plaintiff the option of being paid in that manner is not before this Court. Whether to allow the State to make these payments as a substitute for workers' compensation is before us; we hold that G.S. 97-6 and 97-7 prohibit the State from doing so.

We emphasize that nothing in our holding here prevents an employer from conferring benefits *in addition* to those provided in the Act. The State is free to allow its employees to supplement their workers' compensation benefits with salary payments based on their accumulated sick leave and vacation leave. The State may also continue to provide other benefits for its employees. Our decision here is limited to holding that the State may not make payments based on sick leave and vacation leave as a substitute for workers' compensation benefits.

The State's argument that it is entitled to a set-off or credit, under G.S. 97-42, for the amounts already paid to plaintiff, is not properly before this Court. First, the Commission's statement that the State was not entitled to credit is more nearly a gratuitous comment than a conclusion of law. Second, even if we can say that the Commission did decide the issue, the State has failed to properly bring that issue before us. Rule 28(a) of our Rules of Appellate Procedure limits our review to questions raised and discussed in the parties' briefs. *See State v. Edwards,* 49 N.C. App. 547, 272 S.E. 2d 384 (1980). Rule 28(b)(5) requires the appellant's brief to separately state each question, state its contentions with respect to each question, and cite the authorities upon which it relies. The State's brief does not raise the set-off issue as

a separate argument, fails to state its contentions, and cites no authority for its position. The State's failure to discuss the issue or cite any authority in support of its position means its argument for a set-off should be deemed abandoned. *See Miller v. Henderson*, 71 N.C. App. 366, 322 S.E. 2d 594 (1984). The appellee's brief likewise contains no argument on the issue. The only citation of authority pertaining to the set-off issue is in a Memorandum of Additional Authority filed by the State. Therefore, this Court has not been properly briefed on the issues of whether the State is entitled to some relief under G.S. 97-42. In our discretion, pursuant to Rule 2 of the Rules of Appellate Procedure, however, we remand the case to the Commission for determination of the issue.

Assuming *arguendo* that the Commission's comment regarding the applicability of G.S. 97-42 constitutes a final decision on the question, the case must be remanded. G.S. 97-42 provides that:

[a]ny payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Industrial Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payments.

The Commission apparently believed that G.S. 97-42 was not applicable since plaintiff's sick and vacation leave was a fringe benefit, earned as part of his compensation. Indeed, the authority on point generally holds that sick and vacation leave is a fringe benefit and, absent a specific statutory provision to the contrary, payments based on it may not be used as credit against the amount of workers' compensation owed. *See County of Mariopa v. Industrial Com'n of Az.*, 145 Ariz. 14, 699 P. 2d 389 (1985); *Pet Incorporated, Dairy Division v. Roberson*, 329 So. 2d 516 (Miss. 1976); 4 Larson, The Law of Workmen's Compensation, section 97.41(d) (1987). This was the rationale used in *Ashe v. Barnes, supra*, in addressing the set-off issue under G.S. 97-42.

Two recent Supreme Court decisions, however, make it clear that the analysis of whether an employer is entitled to credit under G.S. 97-42 is limited to a determination of whether the payments for which the employer seeks credit were "due and payable" when made. *See Foster v. Western-Electric Co.*, 320 N.C. 113, 357 S.E. 2d 670 (1987); *Moretz v. Richards & Associates*, 316 N.C. 539, 342 S.E. 2d 844 (1986). Because the Commission here acted under a misapprehension of the applicable law, this case must be remanded. *See Petty v. Transport, Inc.*, 276 N.C. 417, 173 S.E. 2d 321 (1970). Although the Court in *Foster v. Western-Electric Co., supra*, did not say explicitly that *Ashe v. Barnes, supra*, had been overruled, it seems clear that the "fringe benefit" rationale followed by the *Ashe* Court in determining the issue of credit under G.S. 97-42, is no longer the appropriate basis for decision. *Foster v. Western-Electric Co., supra*, at 116, 357 S.E. 2d at 672. In workers' compensation claims the Commission has the sole power to find facts. *See Gamble v. Borden, Inc.*, 45 N.C. App. 506, 263 S.E. 2d 280, *disc. rev. denied*, 300 N.C. 372, 267 S.E. 2d 675 (1980). Therefore, we must remand this case for review and the factual determinations necessary under the rationale of *Moretz* and *Foster*.

We affirm the opinion and award of the Industrial Commission but remand the case for further review and a determination of whether the State is entitled to a set-off or credit against the workers' compensation award pursuant to G.S. 97-42.

Affirmed in part and remanded in part.

Judges BECTON and COZORT concur.