Defendants request a credit against compensation due for payments under a private disability program, financed partially by the defendant employer and partially by the plaintiff. Our Supreme Court has pointedly offered "no opinion as to whether payments made to a claimant under a plan to which the claimant contributed are within the purview of N.C.G.S. § 97-42." Foster v.Western-Electric Co., 320 N.C. 113, 117, 357 S.E.2d 670 (1987). Sorting out the relative value of the contributions and an equitable credit in such situations could be nearly impossible if the parties contributed in different proportions at different times, if the employer's contribution was taxable, etc., and the "feasibility of administration" of the credit may be taken into account in exercising the Commission's discretion on whether to allow a credit. See Evans v. AFT Technologies 332 N.C. 78, 89,418 S.E.2d 503 (1992). However, in light of the strong policy considerations favoring the credit (see, e.g., Foster, at 116-17), the Commission should be inclined to grant it when it has the necessary facts to do so. In this case, we simply do not have those facts. Plaintiff aptly cites a Commission opinion in a case in which we were similarly frustrated by lack of detail concerning the private disability plan. "A defendant's right to set-off under G.S. § 97-42 is not automatic or even calculated as a ministerial act of the Commission. To resolve the issue, the Commission must determine whether payment was made at a time when compensation was not due and owing (see Foster. . . [at 115] . . .), whether the plan under which the payments were made was funded or earned by the employee (see Estes . . . at 58-59 . . .), determine the amount of compensation due for the periods in respect to which the payments were made (see Evans v. ATT Technologies, 103 N.C. App. 45, [50,] 404 S.E.2d 183 (1991)), and then exercise its discretion in determining what, if any, credit should be allowed (see Churchv. Baxter Travenol Laboratories 104 N.C. App. 411, 416-17, [409] S.E.2d [715] (1991)); G.S. § 97-42. Obviously, all of these issues are matters affecting compensation due, and consequently should be raised and litigated along with all other issues affecting the Award." Brewery Lorenz v. Stroh's, I.C. No. 642835, 1 April 1992,Lawyers Weekly, No. IC0621. Since Lorenz, the Supreme Court reversed the cited holding in Evans that the offset should be calculated on a "week to week" basis (as the unemployment offset is under N.C.G.S. § 97-42.1), but that method was essentially codified by an amendment to N.C.G.S. § 97-42 in the Workers' Compensation Reform Act of 1994, effective as to claims pending on or filed after September 1, 1994.
In this case, a form filled out by the plant nurse, quoted by another witness, suggests that 72% of the premium for the disability plan was paid by the employer and 28% by the employee. Tr. pp. 49-50 and Def. Exh. 2, p. 2. The benefit was apparently paid for six months, but the amounts of these payments do not appear in the record. A more important omission is any indication of whether the employer's contributions, or the size of them, or their amount, was earned through length of service by the plaintiff. See Estes at 58-59. Consequently, I CONCUR in denying credit.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
JRW/tmd 2/6/95