The majority in the present case erred in finding that the Commission lacks subject matter jurisdiction regarding the issue of a short-term disability credit in this matter. The evidence of record shows that the parties participated in a mediated settlement conference on April 24, 2002. Thereafter, the parties entered into a mediation agreement, which was signed by both parties, including counsel for both parties. Pursuant to the terms of the mediation agreement, both parties agreed to resolve issues relating to short-term disability benefits pursuant to the short-term disability plan.
Following the mediation, plaintiff and her employer discussed, but never clearly resolved, the issue of repayment of benefits paid to plaintiff under the disability plan. Plaintiff made payments of $25.00 per week to defendant toward this debt from August 19, 2002, to October 1, 2002. These repayment checks were returned untendered to plaintiff on December 27, 2002. Without notice or permission, defendant deducted from plaintiff's payroll checks $50.00 per week on July 20 and July 27, 2002. Unauthorized payroll check deductions for "comp loans" in the amount of $150.00 per week began on September 28, 2002, and were continuing through the date of hearing before the Deputy Commissioner. Due to these deductions in her payroll checks, plaintiff asked the Commission to determine the status of credit on her short-term disability benefits, which were not deducted from the payment of temporary total disability benefits received in May 2002 pursuant to a Form 60, or from the permanent partial disability benefits received in July 2002 upon approval of a Form 21.
The majority's finding that the Commission has no jurisdiction to consider this matter and that it is a question of private contract between the parties is in error. The Workers' Compensation Act specifically provides that no contract can operate to relieve an employer of any obligation created by the Act. N.C. Gen. Stat. § 97-6; see alsoEstes v. North Carolina State University, 89 N.C. App. 55, 365 S.E.2d 160
(1988).
The North Carolina Supreme Court has acknowledged the Commission's statutory authority under N.C. Gen. Stat. § 97-42 to set the amount of credit, if any, for short-term disability benefits paid when the worker's compensation claim was not accepted at the time of the short-term disability payments under the "due and payable" clause of the statute.Foster v. Western-Electric Co., 320 N.C. 113, 357 S.E.2d 670 (1987). While granting a full credit due to the payment of all short-term disability premiums by defendant, Foster specifically limited the holding to no employee contribution claims. As a practice, the Commission has generally limited or disallowed credits where an employee pays a portion of the premium for a short-term disability plan. The North Carolina Court of Appeals has recognized that the Commission may grant only a partial credit to defendant for disability payments made under a fully employer-funded policy. Church v. Baxter Travenol Laboratories, Inc., 104 N.C. App. 411,409 S.E.2d 715 (1991); see also Cole v. Triangle Brick, 136 N.C. App. 401,524 S.E.2d 79 (2000) (both allowing credit for 75% of the short-term disability benefits paid).
N.C. Gen. Stat. § 97-42 specifically provides that the Commission may
allow a credit for payments made to an employee, and it is clear that the same is not mandatory. Although the Commission has the authority and discretion to determine whether to allow any credit for the short-term disability benefits paid to plaintiff, the undersigned finds that defendant-employer acted unilaterally and without the permission of the Commission in withholding funds from the plaintiff's paycheck to repay short-term disability. Where the parties could not reach agreement on this issue, the proper procedure would be for defendant to request a hearing on this issue. Defendant failed to follow this procedure. Allowing defendant even a partial credit under these circumstances would encourage such behavior on the part of employers in the future, in violation of the spirit and directives of the Act. N.C. Gen. Stat. § 97-42.
The majority erred in failing to find that the Full Commission lacks subject matter jurisdiction to address the issues contained herein. The undersigned finds that defendant's request for a credit for short-term disability benefits paid to plaintiff should be denied, and defendants should be ordered to reimburse plaintiff for all amounts which were previously deducted from her paycheck as repayment for short-term disability benefits, as the same were not approved in advance by the Commission. For these reasons, I respectfully dissent.
This 4th day of October 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER