AMOS A. ESTES v. NORTH CAROLINA STATE UNIVERSITY

No. 8910IC767

(Filed 5 March 1991)

**Master and Servant § 69 (NCI3d)— workers' compensation— temporary total disability— no setoff for vacation and sick leave benefits**

Defendant employer was not entitled under N.C.G.S. § 97-42 to a credit or setoff against a temporary total disability award for accumulated compensatory time, vacation and sick leave benefits paid to plaintiff during the period of his disability since defendant had accepted plaintiff's injury as compensable and the benefit payments were thus due and payable when made; the benefits did not constitute a wage replacement program tantamount to workers' compensation; and the benefits were not duplicative of workers' compensation.

**Am Jur 2d, Workmen's Compensation §§ 364, 365.**

APPEAL by plaintiff from Opinion and Award of the North Carolina Industrial Commission filed 3 May 1989. Heard in the Court of Appeals 7 December 1989.

ESTES v. N.C. STATE UNIVERSITY

[102 N.C. App. 52 (1991)]

*Gene Collinson Smith for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by George W. Lennon of Monroe, Wyne, Atkins & Lennon, P.A., for defendant-appellant.*

PARKER, Judge.

On the first appeal of this case, this Court affirmed the award of workers' compensation benefits to plaintiff but remanded for determination of the issue now before the Court on this appeal, namely, whether defendant is entitled pursuant to N.C.G.S. § 97-42 to a credit against the award for benefits paid to plaintiff from his accrued vacation and sick leave benefits. *Estes v. N.C. State University*, 89 N.C. App. 55, 365 S.E.2d 160 (1988). At the initial hearing before the Industrial Commission, the Commission awarded plaintiff temporary total disability benefits in the amount of $262.00 per week for the period from the date of the accident, 21 September 1984, through 15 August 1985. The Commission awarded permanent partial disability benefits in the amount of $262.00 per week for ninety-five weeks commencing 15 August 1985.

Defendant is self-insured and follows the policies in the Personnel Manual of the Office of State Personnel in paying workers' compensation benefits. As stated in the Personnel Manual, the policies in effect at the time of plaintiff's injury gave injured employees three options in receiving such benefits:

> (a) When an employee is injured on the job . . . . One of the following options may be chosen:
>
> > (1) Option 1—Take accumulated sick and vacation leave, or any portion of either, and then go on workers' compensation leave and begin drawing workers' compensation.
> >
> > (2) Option 2—Take sick or vacation [leave] during the seven-day waiting period and then go on workers' compensation leave and begin drawing workers' compensation.
> >
> > (3) Option 3—Go immediately on workers' compensation leave and begin drawing workers' compensation after the seven-day waiting period. In this case, if the injury results in disability of more than 28 days, the compensation shall be allowed from the date of disability.

(b) In all cases, unused leave may be retained for future use.

> Note: If an employee has over 240 hours of vacation leave at the time an injury occurs, depending on the nature and time of the injury and the anticipated time out of work, he/she should be advised to exhaust leave in excess of the 240 hours—particularly if the injury occurs late in the year when it would possibl[y] cause a loss of vacation at the end of the year.

N.C. Admin. Code tit. 25, r. 01E.0700 (Mar. 1984). The evidence is conflicting as to whether plaintiff was fully aware of the above options and whether he specifically elected to take Option 1. The facts are undisputed, however, that plaintiff requested that his overtime and vacation time in excess of 240 hours be used first; that he did not request workers' compensation; and that he received his full salary, based entirely on his accumulated vacation and sick leave, until he retired on 30 November 1985. Defendant has paid plaintiff's injury-related medical bills, and defendant does not claim a credit or setoff against the permanent partial disability award.

On remand the full Commission concluded that pursuant to N.C.G.S. § 97-42 and in accordance with *Foster v. Western Electric Co.*, 320 N.C. 113, 357 S.E.2d 670 (1987), and *Moretz v. Richards & Associates*, 316 N.C. 539, 342 S.E.2d 844 (1986), defendant was entitled to a setoff or credit, against temporary total disability benefits claimed, for the vacation and sick leave benefits paid. Based on its findings of fact and conclusions of law, the Commission held plaintiff was not entitled to be paid any temporary total disability benefits, as the benefits already paid him exceeded the benefits he claimed.

N.C.G.S. § 97-42 reads as follows:

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Industrial Commission be deducted from the amount to be paid as compensation. Provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid, and not by reducing the amount of the weekly payment.

The Commission found as facts, *inter alia*, that

1. Plaintiff was injured by accident in the course and scope of his employment on September 21, 1984. The injury was accepted as compensable by the self-insured employer, North Carolina State University[,] and a Form 19 was filed with the Industrial Commission.

. . . .

6. The regulation at issue in the State Personnel Manual operated as a wage-replacement program tantamount to Workers' Compensation providing a much-needed continuity of income to injured employees at the time of their greatest need.

7. The amount paid Plaintiff, at his election, by N.C. State University during the period of Plaintiff's temporary total disability considerably exceeded the Workers' Compensation temporary total disability benefits Plaintiff would have received in the absence of the regulation at issue. The payments made by the employer to the employee during the period of his disability by the terms of the Act were not due and payable when made.

The Commission concluded as a matter of law that

1. Payments made by N.C. State University to Plaintiff during the period of his temporary total disability by the terms of Article 97 of the General Statutes of North Carolina were not due and payable when made and may, subject to the approval of the Industrial Commission, be deducted from the amount to be paid as compensation.

2. The regulation at issue and payments made pursuant to Plaintiff's election during the period of his temporary total disability served as a wage-replacement program tantamount to Workers' Compensation to provide Plaintiff wage-replacement benefits at the time of his greatest need and exceeded the amount determined by statute as compensation to Plaintiff for his temporary total disability.

3. Pursuant to G.S. 97-42, in the discretion of the Full Industrial Commission, and in accordance with the decisions of the North Carolina Supreme Court in *Foster v. Western Electric Company*, 320 N.C. 113, 357 S.E.2d 670 (1987) and *Moretz v. Richards & Associates, Inc.*, 316 N.C. 539, 342 S.E.2d

844 (1986), the self-insured Defendant is entitled to a set-off or credit of the wage-replacement benefits paid pursuant to regulation and the election of Plaintiff against any amount of temporary total disability benefits Plaintiff now claims.

4. The benefits already paid to Plaintiff by North Carolina State University exceed the benefits claimed and Defendant therefore owes Plaintiff no additional compensation. Plaintiff is not entitled to a double recovery for the same disability.

Plaintiff excepted to findings six and seven and to all four conclusions of law.

We agree with plaintiff's contentions that there is no competent evidence to support the Commission's finding that Option 1 operated as a wage-replacement program tantamount to workers' compensation and that the Commission erred in concluding as a matter of law that the payments were not due and payable under the Workers' Compensation Act when paid for purposes of a setoff or credit pursuant to N.C.G.S. § 97-42. Guided by *Foster* and *Moretz*, we hold the Commission erred in concluding benefits paid to plaintiff exceeded benefits claimed.

The issue in *Foster* was whether an employer was entitled to a credit or setoff under N.C.G.S. § 97-42 for payments made to employees under a disability and sickness plan. *Moretz* dealt with payments by the workers' compensation carrier before liability was determined which resulted in overpayment of workers' compensation benefits. Under the reasoning of both cases, an employer's entitlement to a credit is governed in the first instance by the determination of whether the payments for which the employer seeks credit were due and payable when made. *Foster*, 320 N.C. at 115, 357 S.E.2d at 672; *Moretz*, 316 N.C. at 541, 342 S.E.2d at 846.

In *Foster*, the employer contended from the date of injury that plaintiff's injury was not compensable under the Workers' Compensation Act. Instead, the employer paid the plaintiff benefits for his injury from a private disability and sickness benefit plan. All payments were made to the plaintiff prior to any determination by the Commission of whether the injury was in fact compensable under the Workers' Compensation Act. After the Commission determined plaintiff was entitled to be compensated for his injury, the employer moved that the Commission allow, as against the award of workers' compensation benefits, a credit for payments made

under the disability and sickness benefit plan. *Foster*, 320 N.C. at 114, 357 S.E.2d at 671-72.

In allowing a credit, the Supreme Court reasoned that the defendant employer contested compensability at the time payments were made to the employee under the sickness and disability plan; and the Industrial Commission had not determined plaintiff's injury to be compensable. *Id.* at 115, 357 S.E.2d at 672. "Under the analysis of *Moretz*, then, payments made by defendant pursuant to the plan [could not] be characterized as due and payable. Because they were not due and payable when made, the payments remain[ed] within the purview of 97-42." *Id.* at 115-16, 357 S.E.2d at 672. Hence, the Court held a credit should be awarded. *Id.* at 118, 357 S.E.2d at 673.

Under *Moretz*, however, even where it is determined that payments were due and payable when made and no credit should be awarded, an employer will not be required to make duplicative payments of benefits payable under the Workers' Compensation Act. In *Moretz,* the employer paid the employee temporary total disability for 362 weeks. Subsequently, the Commission determined that the plaintiff employee was also entitled to 180 additional weeks of permanent partial disability. The employer appealed to the Commission, arguing that the award of 180 additional weeks of benefits effectively gave plaintiff a double payment and that the Commissioner's refusal of a credit for benefits already paid was in error. *Moretz*, 316 N.C. at 540, 342 S.E.2d at 845-46. On appeal, our Supreme Court held that since the employer accepted plaintiff's claim as compensable and began paying benefits, those benefits were due and payable within the meaning of N.C.G.S. § 97-42 and thus no credit should be allowed. *Id.* at 542, 342 S.E.2d at 846. However, the Court went on to say that since plaintiff was entitled to only 180 weeks of permanent partial disability payments but had received nearly 255 weeks of disability payments, plaintiff had already received more than he was entitled by statute to receive. *Id.* Therefore, the court reasoned, plaintiff had been fully compensated for his injury, and the defendants owed him no additional compensation. *Id.*

In the present case, the Commission found as a fact that defendant had accepted the injury as compensable. Plaintiff was offered the option of receiving workers' compensation benefits or utilizing his accumulated compensatory time, vacation, and sick

leave. Thus it was clearly established that defendant did not dispute plaintiff's injury was work-related and compensability was not contested.

Under *Foster* and *Moretz*, "due and payable" in N.C.G.S. § 97-42 asks only whether the employer has accepted the employee's injury as compensable under the Workers' Compensation Act at the time the benefits were paid to him. Under this analysis, the payments made to plaintiff in the instant case were due and payable when made. Thus they do not fall within the purview of N.C.G.S. § 97-42, and no credit should be allowed.

Nevertheless, where a credit is not allowed, *Moretz* requires an additional determination as to whether an employee would thereby receive more than he is entitled by statute to receive. The case at bar is distinguishable from *Moretz*, wherein the payments were workers' compensation benefits paid by the workers' compensation insurance carrier. The real question in the case now before the Court is whether the accumulated sick and vacation leave paid to plaintiff may lawfully be used by defendant to offset any amount of temporary total disability determined by the Industrial Commission to be owing to plaintiff under the Workers' Compensation Act. We hold defendant is not entitled to use such leave to offset its obligations as determined by the Commission. Under N.C.G.S. §§ 97-6 and -7, employers including the State are prohibited from providing benefits in lieu of paying workers' compensation. *Estes v. N.C. State University*, 89 N.C. App. at 59, 365 S.E.2d at 162.

In the instant case, plaintiff received benefits based on his accumulated compensatory time, vacation and sick leave. Compensatory time was something plaintiff had earned but had not been paid for. His vacation time was also a benefit that he had earned. *See* N.C. Admin. Code tit. 25, r. 01E.0203 (1984) (vacation is based on length of total permanent state service). Unlike workers' compensation benefits, vacation leave can be taken to renew physical and mental capabilities, for personal reasons, for absences due to adverse weather conditions, and for personal illness or illnesses in the immediate family. N.C. Admin. Code tit. 25, r. 01E.0201 (1984). Workers' compensation, however, is available only for a work-related injury.

Sick leave for state employees may be used for illness or injury which prevents an employee from performing usual duties or may be used for family illness or death in the family. *See* N.C.

Admin. Code tit. 25, r. 01E.0304 and .0305 (1984). Thus using sick leave is not tantamount to a workers' compensation claim and not tantamount to receiving workers' compensation benefits.

Such benefits have nothing to do with the Workers' Compensation Act and are not analogous to payments under a disability and sickness plan. Unlike the employee in *Moretz*, plaintiff in the instant case cannot be held to have received duplicative payments for his injury or to have received more than he was entitled by the Workers' Compensation Act to receive.

For the reasons set forth herein, the decision of the Commission is reversed and the matter remanded for reinstatement of plaintiff's claim for temporary total disability benefits.

Reversed and remanded.

Judges EAGLES and ORR concur.