Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On March 12, 1995, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. Plaintiff sustained an injury by accident arising out of and in the course of the employment with defendant-employer on March 12, 1995.
5. On said date plaintiff was earning an average weekly wage to be determined from a North Carolina Industrial Commission Form 22, Wage Chart to be provided by defendant.
6. The issues to be determined in this case are:
 A. To what further compensation, if any, is plaintiff entitled under the Act.
 B. To what further medical treatment, if any, is plaintiff entitled under the Act.
7. The parties further stipulate into evidence approximately fifty pages of medical evidence, the deposition of Rudolph J. Maier, M.D. dated September 30, 1996, the deposition of Dr. Jeffrey Siegel dated October 8, 1996, the deposition of David E. Tomaszek dated November 19, 1996, and a Pre-trial Agreement.
8. The parties further stipulate that plaintiff has been paid full salary continuance since said date of March 12, 1995.
9. Plaintiff is claiming compensation for the periods May 8, 1995 and May 9, 1995, August 24, 1995 through September 11, 1995, September 12, 1995 through October 9, 1995, October 15 and 16, 1995 and October 23, 1995 through October 30, 1995.
10. At the hearing before the Deputy Commissioner on January 9, 1997, the parties introduced the following exhibits:
 A. Plaintiff's Exhibit 1, marked "P1", consisting of a photograph of a tower and trap door.
 B. Plaintiff's Exhibit 2, marked "P2", consisting of a letter dated November 11, 1995 to which defendant objects.
 C. Plaintiff's Exhibit 3, marked "P3", consisting of a letter dated September 20, 1995.
 D. Defendant's Exhibit 1, marked "D1", consisting of a medical note from pediatrics.
 E. Defendant's Exhibit 2, marked "D2", consisting of a letter dated January 26, 1996 which is stipulated into evidence.
The "fifty pages of medical evidence" stipulated in paragraph "7" above includes, more specifically, the following:
(1.) Statements about the accident.
(2.) Medical records in addition to those provided with the three medical depositions:
(a.) D. Kenneth Clark, M.D.
(b.) Joseph Grant, M.D., orthopedic surgeon.
(c.) Stephen C. Boone, M.D., neurosurgeon.
(d.) Wayne Memorial Hospital.
(e.) Robert Lacin, M.D., neurosurgeon.
(3.) Plaintiff's request for approval of secondary employment.
(4.) Plaintiff's employee time reports.
(5.) Injury leave (salary continuation) approvals.
(6.) Family medical leave documents.
(7.) Correspondence about work schedule and status.
(8.) Denial of request for another opinion.
(9.) Form 22 calculations.
 ***********
Based upon the competent evidence of record herein, the Full Commission adopts the findings of fact of the Deputy Commissioner with minor modifications and finds as follows:
 FINDINGS OF FACT
1. On March 12, 1995, plaintiff sustained a compensable injury to his back by accident arising out of and in the course and scope of his employment with defendant when a heavy, metal trap door which he was closing got out of control as it was closing, jerking plaintiff's arms and back.
2. Plaintiff's back injury resulted in radiculopathy and stretched nerves.
3. Defendant has accepted plaintiff's injury as a compensable claim.
4. Since March 12, 1995, defendant has continued to pay plaintiff his full salary even though at certain times plaintiff has been unable to work because of the pain and the physical disability he has suffered as a result of his injuries. Plaintiff was a state correctional officer and therefore entitled to full salary for his disability up to two years.
5. Plaintiff received medical care and treatment for his disabilities resulting from his injury from March 12, 1995 through September, 1996, including nerve block injections on September 21, 1995 and July 31, 1996. During said period of time, plaintiff was medically released to return to work on several occasions with the basic restriction that he engage in no violent or excessive physical activity in apprehending or controlling recalcitrant inmates.
6. During the period from March 12, 1995 until September of 1996, plaintiff's vacation time and sick leave time accumulations have been charged by defendant for time out of work due to plaintiff's injury related disability on the following dates and during the following periods: May 8, 1995, May 9, 1995, August 24, 1995, August 28, 1995 through September 11, 1995, September 12, 1995 through October 8, 1995, October 15 and 16, 1995 and October 23, 1995 through October 29, 1995.
7. During the month of September, 1995 plaintiff made inquiry of defendant concerning the effect of family leave benefits, but did not take leave from his employment for family reasons, but, rather, for discomfort and disability caused by the work-related injury of March 12, 1995.
8. The medical care and treatment which plaintiff has received during the period from March 12, 1995 to September 1996 has been necessary and has tended to effect a cure and give relief to plaintiff with respect to the discomfort and disability which plaintiff has suffered as a result of the incident of March 12, 1995 and in particular the medical care and treatment of Dr. Rudolph J. Maier and Dr. David E. Tomaszek.
9. Plaintiff's average weekly wage was $408.44.
10. Defendant did not have reasonable grounds for defending this claim before the deputy commissioner.
11. Since this appeal by defendant, a self-insured, results in restoration of plaintiff's benefits, plaintiff is entitled to have the costs of this appeal, including his attorney's fees, paid by the defendant as a part of the bill of costs.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On March 12, 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Defendant having continued to pay plaintiff his full wages subsequent to the incident of March 12, 1995, for all time missed from work pursuant to N.C. Gen. Stat. § 143-166.14, plaintiff is entitled to no further wages or compensation than that which he has already received.
3. Plaintiff is entitled to have the vacation time and the sick leave time which was deducted from his accumulated vacation and sick leave time during the dates and periods of May 8, 1995, May 9, 1995, August 24, 1995, August 28, 1995 through September 11, 1995, September 12, 1995 through October 8, 1995, October 15 and 16, 1995 and October 23, 1995 through October 29, 1995, restored, together with a refund of any medical payments made by him. Estes v. N.C. State Univ., 102 N.C. App. 52, 401 S.E.2d 384
(1991), N.C. Gen. Stat. § 143-166.17.
4. Plaintiff is entitled to have his medical care and treatment resulting from the incident of March 12, 1995 during the period from March 12, 1995 through September of 1996 paid by defendant including the expenses of Dr. Rudolph J. Maier and Dr. David E. Tomaszek.
5. There being no compensation awarded in this case from which to award an attorney fee to plaintiff's counsel and the deputy commissioner being of the opinion that such an award is appropriate in this case and that defendant has unreasonably defended this matter in light of the decision above-cited, the Deputy Commissioner found and the Full Commission adopts as a fact and concludes as a matter of law that defendant has unreasonably defended this case and pursuant to N.C. Gen. Stat. § 97-88.1
concludes that a fee of $500.00 is a reasonable attorney's fee to award plaintiff's counsel for representing plaintiff in this matter to be charged against defendant.
6. Since this appeal to the Full Commission by defendant, self-insurer, results in restoration of benefits to plaintiff as was awarded by the deputy commissioner, the plaintiff is entitled to have the costs of this appeal, including his attorney's fee, paid by the defendant as a part of the bill of costs. N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall restore to plaintiff's accumulated sick leave and vacation leave accounts all sick leave and vacation time charged against said accounts during the following dates and periods May 8, 1995, May 9, 1995, August 24, 1995, August 28, 1995 through September 11, 1995, September 12, 1995 through October 8, 1995, October 15 and 16, 1995 and October 23, 1995 through October 29, 1995. Defendant shall further reimburse plaintiff for any medical payments which he may have paid as the result of treatment for his compensable injury.
2. Defendant shall pay all medical expenses resulting from said injury, including that of Dr. Rudolph J. Maier and Dr. David E. Tomaszek, when bills for the same have been presented to the Commission through procedures approved by the Commission.
3. Defendant shall pay an attorney's fee of $500.00 to plaintiff's counsel for defending this claim without reasonable grounds pursuant to N.C. Gen. Stat. § 97-88.1.
4. Defendant shall also pay an attorney's fee of $1,000.00 to plaintiff's counsel as a part of the bill of cost of this appeal pursuant to N.C. Gen. Stat. § 97-88.
5. Defendant shall pay the costs due the Commission.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER