Upon review of the competent evidence of record with respect to the errors assigned, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, reverses in part and affirms in part the Opinion and Award of the Deputy Commissioner.
***********
 MOTIONS
Plaintiff's motion seeking a penalty for late payment of back due disability payments pursuant to G.S. § 97-18 is hereby denied as the issue of a credit due defendants was raised before the Full Commission and is addressed below. Plaintiff's motion for a penalty for late payment of medical bills is hereby held in abeyance for a period of ninety days from the date of filing of this Opinion and Award, during which defendants may process the outstanding bills and remit payment as ordered by this Opinion and Award. Plaintiff's motion for attorney's fees pursuant to G.S. § 97-88.1 is hereby denied. Plaintiff's motion to dismiss defendants' appeal to the Full Commission is hereby denied.
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties through the Pre-trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between IBM, defendant-employer and plaintiff-employee.
3. Liberty Mutual Insurance Company was the carrier on the risk.
4. In I.C. File No. 567020, the date of plaintiff's injury by accident is 23 January 1995. Defendants accepted this claim on a Form 63 (although the same was not filed with the Commission within 90 days). Defendants did not later deny the claim in a timely manner.
5. In I.C. File No. 432693, the date of plaintiff's alleged injury by accident is 6 April 1994.
***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff is a female, born 26 June 1953. She graduated from high school and has completed about two years of college courses. She began working for IBM in June 1973. Her last position was as a human resource planner, handling matters such as employment, placement, and lay-offs.
2. Plaintiff had a history of significant back problems, including a lumbar fusion in 1988, a cervical fusion in May 1989, and a cervical partial hemilaminectomy at C4-5 on 10 May 1991. Despite her prior back problems, plaintiff was able to perform her regular duties for IBM at the times of the injuries which are the subject of the claims herein.
3. On or about 6 April 1994, plaintiff experienced a specific traumatic incident as she was unpacking boxes following an office move. As she was bending over and pulling some files from one of the boxes, plaintiff felt an onset of pain in her back on the right side and down her right leg as well. Plaintiff reported this incident to her employer and went to see the company nurse.
4. Plaintiff also reported this incident to Dr. Dennis Bullard on 14 April 1994. The specific traumatic incident of 6 April 1994 aggravated plaintiff's prior back condition. Plaintiff thereafter received conservative treatment for her back, such as use of heat packs. The evidence fails to establish that plaintiff missed more than seven days from work as a result of this injury.
5. On or about 23 January 1995, plaintiff sustained a second specific traumatic incident, causing an aggravation of her back condition. Plaintiff was again unpacking office items from boxes when she experienced an acute onset of back pain and her back "went out."
6. Following the incident of 23 January 1995, plaintiff's back symptoms were significantly exacerbated. Plaintiff underwent a cervical fusion in May 1995.
7. Following this last back surgery, plaintiff reached maximum medical improvement by May 1997.
8. As a result of her compensable back injury of 23 January 1995, plaintiff has chronic back pain. She can not sit or stand for extended lengths of time. In her Opinion and Award, the Deputy Commissioner noted her observations that plaintiff appeared to be quite uncomfortable and often switched from a seated to a standing position. A functional capacity evaluation done on 25 September 1995 indicated that plaintiff could only perform work at a sedentary physical demand level.
9. As a result of her back injury, plaintiff has developed psychological problems, including anxiety and the inability to concentrate or pay attention for any prolonged period of time. Dr. English, plaintiff's treating psychologist, is of the opinion that plaintiff is totally disabled and that it is unlikely her condition will change.
10. Plaintiff has been treated by Dr. Dennis Bullard, a neurosurgeon, who is of the opinion that plaintiff is permanently disabled. Dr. Garner, a neurosurgeon who performed an independent medical examination on defendants' behalf, also believes plaintiff's chronic pain will prevent her from returning to gainful employment. Dr. Yellig is plaintiff's treating internal medicine physician. He is of the opinion that plaintiff is totally disabled and that her condition is permanent.
11. Plaintiff's last day of work for Defendant was 21 April 1995. Due to her ongoing back pain and her psychological condition, plaintiff has been unable to earn wages in the same or any other employment beginning 22 April 1995.
12. The medical treatment rendered to plaintiff following the accident of 6 April 1994, and later following the accident of 23 January 1995, was reasonably necessary to afford plaintiff relief from her condition.
13. Plaintiff continues to suffer ongoing back pain and psychological consequences of her back injury of 23 January 1995, and ongoing medical and psychological treatment will be reasonably necessary.
14. At the time of her injury by accident on 23 January 1995, plaintiff's average weekly wage was sufficient to yield the maximum compensation rate for 1995 of $478 per week.
15. From 13 February 1995 through 13 March 1996, plaintiff was paid short-term SA benefits in the amount of $63,376.39 pursuant to a disability plan furnished by defendant-employer. Workers' compensation benefits were not due and payable during the period that plaintiff received benefits pursuant to this employer-funded disability plan.
16. On 16 August 1996, defendants began voluntarily paying plaintiff weekly benefits of $478.00, the maximum compensation allowed under the Act in 1995, and continue to do so.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. On 6 April 1994, plaintiff sustained a specific traumatic incident arising out of and in the course of her employment with defendant-employer, resulting in back strain, an aggravation of her prior back condition, for which conservative medical treatment was reasonably necessary. G.S. § 97-2(6).
2. The evidence shows that plaintiff did not miss seven or more days from her work with defendant due to her injury of 6 April 1994, and thus no temporary total disability benefits are due for that injury. G.S. §§ 97-28, 97-29.
3. On 23 January 1995, plaintiff sustained a specific traumatic incident arising out of and in the course of her employment with defendant-employer, which resulted in significant aggravation of her prior back condition. G.S. § 97-2(6).
4. As a result of the aggravation of her back condition due to the accident of 23 January 1995, plaintiff needed medical treatment, including a cervical fusion, which was performed in May 1995. Defendants are responsible for payment for all such reasonably necessary medical expenses. G.S. §§ 97-2(19), 97-26.
5. By May 1997, plaintiff had reached maximum medical improvement following the back surgery of May 1995. G.S. §§ 97-29,97-31.
6. Due to her back injury of 23 January 1995, which significantly aggravated her prior back condition, plaintiff has developed chronic pain and psychological problems for which ongoing medical treatment is reasonably necessary. G.S. §§ 97-2(19), 97-26.
7. Due to her back injury of 23 January 1995, which significantly aggravated her prior back condition, plaintiff has been unable to earn wages in the same or any other employment and has been totally disabled since 22 April 1995. Plaintiff's physical condition is permanent and the extent of her disability appears unlikely to change. G.S. § 97-29.
8. Defendants are entitled to a credit for benefits paid to plaintiff under the employer-funded SA disability plan, but excluding any vacation and earned sick leave that plaintiff has been charged during her time out of work. These SA benefits were not due and payable when made. G.S. § 97-42; Foster v.Western-Electric Co., 320 N.C. 113, 357 S.E.2d 670 (1987); Estesv. N.C. State Univ., 102 N.C. App. 52, 401 S.E.2d 384 (1991).
9. Plaintiff's attorney has rendered valuable legal services for plaintiff and is entitled to a reasonable fee. G.S. § 97-90.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay all expenses incurred or to be incurred by Plaintiff as a result of her injuries by accident of 6 April 1994 and 23 January 1995 for medical and psychological treatment which is reasonably necessary to effect a cure or give relief.
2. Defendants shall pay plaintiff ongoing compensation benefits at the rate of $478.00 per week beginning April 22, 1995 through the present and continuing until further order of the Commission, as total disability compensation, subject to the credit discussed below.
3. Defendants are entitled to a credit for short-term SA disability benefits paid to plaintiff from 13 February 1995 through 13 March 1996, but excluding any earned vacation or sick leave charged to plaintiff. This credit shall be deducted from any lump sum payment due plaintiff for accrued compensation benefits.
4. A reasonable attorney's fee of twenty-five percent of the compensation benefits awarded plaintiff herein is approved for plaintiff's counsel. Twenty-five percent of the compensation benefits accrued and due under this Opinion and Award, subject to defendants' credit, shall be paid directly to plaintiff's counsel. Thereafter, every fourth check shall be made payable to and forwarded directly to plaintiff's counsel.
5. Defendants shall pay the costs, including the expert witness fees previously approved.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
RCR:jbd