Plaintiff raises three grounds for amending the prior Opinion and Award filed 28 July 1999: (1) a date error in finding of fact 15, (2) a request for reconsideration of the Commission's decision to allow defendants a credit under the sickness and accident plan, and (3) a request for an increased attorney's fee.
First, plaintiff contends that the prior Opinion and Award should be amended to correct a date referenced in finding of fact 15. After reviewing the record, the Full Commission finds that finding of fact 15 should be revised consistent with finding of fact 11 in the prior Opinion and Award, and that plaintiff's period of disability began on 22 April 1995 rather than 13 February 1995. Plaintiff's request to amend this item in the prior Opinion and Award is allowed. Paragraph 15 is amended as set forth below.
Second, plaintiff contends that the Full Commission should amend finding of fact 15, conclusion of law 7, and Award paragraph 2 to find that the salary continuation benefits which plaintiff received were "earned sick leave" rather than payments under a disability plan for which defendant-employer is entitled to a credit pursuant to G.S. 97-42. Plaintiff also contends that defendant-employer is entitled to repayment of the salary continuation benefits but not to a credit, and thus plaintiff may seek a 10% penalty under G.S. 97-18(g) as previously requested, and counsel for plaintiff may recover attorney's fees on this allegedly past due amount.
This request by plaintiff to amend the prior Opinion and Award is denied. However, in order to clarify the prior Opinion and Award, the Full Commission hereby strikes paragraph 15 of the Findings of Fact of the prior Opinion and Award and substitutes the following finding of fact:
"15. From 22 April 1995 through 13 March 1996, plaintiff was paid $63,376.39 pursuant to a sickness and accident plan through defendant-employer. Plaintiff did not make monetary contributions to this plan. Defendant-employer does not provide its employees earned sick leave, but provides the sickness and accident plan, which allows 52 weeks of salary continuation. The plan is not based on any accumulated sick leave during the course of the applicable year. The plan does not constitute earned sick leave benefits but, rather, is akin to a disability plan with full salary continuation. The terms of the plan provide that plaintiff must reimburse defendant-employer if workers' compensation benefits are paid. At the time defendant-employer paid the benefits under the sickness and accident plan, plaintiff's workers' compensation claim had not been accepted as compensable, and plaintiff's right to workers' compensation benefits had not been determined by the Commission. Plaintiff does not contend that she used earned vacation leave for specific days when she was out of work due to her injuries."
The Full Commission further strikes paragraph 8 of the Conclusions of Law of the prior Opinion and Award and substitutes the following conclusion of law:
"8. Defendants are entitled to a credit for benefits paid to plaintiff under the sickness and accident plan. The fact that the plan requires repayment from workers' compensation benefits received during the applicable period does not preclude a credit under the Act, and defendants should not have to pay plaintiff workers' compensation benefits and then have plaintiff repay that same amount to defendant-employer. These sickness and accident benefits were not "due and payable when made" as defined under the law. G.S. 97-42; Foster v. Western Electric Co.,320 N.C. 113, 357 S.E.2d 670 (1987); Estes v. N.C. StateUniv., 102 N.C. App. 52, 401 S.E.2d 384 (1991).
Finally, plaintiff's attorney's request for an increased attorney's fees is denied. A 25% fee is the usual and reasonable fee allowed by the Commission, and a 33-1/3% fee would be unreasonable under the circumstances.
The Commission further finds that the Affidavit submitted by plaintiff with plaintiff's motion filed 16 August 1999 and the Affidavit submitted with plaintiff's earlier motion filed 16 February 1999 are improper attempts to offer post-hearing testimony and contentions on issues previously tried and briefed by counsel for the parties, and are hereby stricken from the record. The Commission did not consider these Affidavits in rendering its decision.
The Opinion and Award for the Full Commission filed 28 July 1999 is hereby ORDERED AMENDED as set forth herein.
This the ___ day of December 1999.
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER