The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for the elimination of the attorneys fees awarded by the Deputy Commissioner pursuant to N.C. Gen. Stat. 97-88. 1, and the addition of a ruling on the issue surrounding the credit for salary paid to plaintiff during a period of disability, as well as other minor modifications.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On March 16, 1996, the parties were bound by and subject to the North Carolina Workers Compensation Act.
2. On March 16, 1996, an employer-employee relationship existed between the parties.
3. On March 16, 1996, defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers Compensation Act.
4. The alleged injury giving rise to plaintiffs claim occurred on March 16, 1996.
5. On March 16, 1996, plaintiff was earning an average weekly wage of $353.00.
6. The issues to be determined in this case are:
a. Did plaintiff sustain an injury by accident arising out of and in the course of his employment with defendant on March 16, 1996; and, if so,
b. To what compensation, if any, is plaintiff entitled?
7. The parties further stipulated into evidence 53 pages of documents consisting of 13 exhibits and a pre-trial agreement dated June 25, 1998.
8. The depositions of Dr. William de Aruajo, Dr. Stephen C. Boone, and Mary Jo Hammond were entered into the record.
9. The transcript in this case is corrected by adding Stipulated Exhibit 6, a letter dated March 24, 1996 from Mary Jo Hammond to plaintiff, which was erroneously omitted from the completed transcript
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On March 16, 1996, plaintiff was employed by defendant as a Health Care Technician I. Plaintiff continues to be employed by defendant.
2. On March 16, 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant that was a specific traumatic incident of the work assigned. Plaintiff was assisting a non-ambulatory patient out of the restroom. The patient collapsed. When plaintiff tried to support the patient, plaintiff felt immediate low back pain.
3. By letter dated March 24, 1996, entered into the record as Stipulated Exhibit 6, defendant accepted the compensability of plaintiffs March 16, 1996 back injury.
4. A few days later, on March 27, 1996, plaintiff sustained a compensable injury to his right knee. Subsequent to this injury, plaintiff returned to work on May 29, 1996. In the pretrial agreement entered in this case, this March 27, 1996 knee injury and subsequent disability were stipulated to be unrelated to the March 16, 1996 back injury.
5. On July 8, 1996 plaintiff began to suffer increased back pain and reported this pain to defendant. Because plaintiff reported that the back pain started two weeks prior, defendant determined that the back condition was unrelated to the compensable injury on March 16, 1996, and defendant denied plaintiffs claim for workers compensation benefits.
6. On August 19, 1996, plaintiff, pursuant to authorized medical recommendation, underwent surgery performed by Dr. Boone to correct a herniated disc at L4-5 related to the March 16, 1996 injury.
7. On September 17, 1996 plaintiff last saw Dr. Boone and had reached maximum medical improvement. At that time, plaintiff returned to work for defendant without restrictions.
8. In a letter dated October 10, 1996, admitted into evidence as Stipulated Exhibit 7, defendant communicated to plaintiff that no further medical treatment would be authorized for plaintiffs compensable back injury.
9. As a result of the March 16, 1996 compensable injury to plaintiffs back, plaintiff sustained a ten percent permanent functional impairment to his back.
10. As a result of the March 16, 1996 compensable injury to plaintiffs back, plaintiff was disabled and unable to work from July 8, 1996 through September 16, 1996.
11. Plaintiff took sick and annual leave with full pay from July 12, 1996 through August 8, 1996. Thereafter, he was on leave without pay. During this period, plaintiff did not receive workers compensation benefits because his claim for benefits was disputed by defendant based upon the defendants assertion that plaintiffs back condition was unrelated to the compensable injury by accident. Nevertheless, plaintiffs claim was an admitted claim and payments made by defendant during this period were due and payable even though continuing causation was questioned.
12. Defendant had reasonable grounds upon which to defend against plaintiffs claim.
***********
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On March 16, 1996, plaintiff sustained an injury by accident to his back that arose out of and in the course of his employment with defendant in that he sustained a specific traumatic incident of the work assigned. N.C. Gen. Stat. 97-2(6).
2. Plaintiffs stipulated average weekly wage on the date of injury was $353.00, yielding a weekly compensation rate of $235.33.
3. As a result of plaintiffs compensable injury on March 16, 1996 plaintiff was totally disabled from July 8, 1996 through September 16, 1996 and is entitled to temporary total disability compensation at the rate of $235.33 per week for this period. N.C. Gen. Stat. 97-29.
4. Although plaintiff received full salary during the period from July 12, 1996 through August 8, 1996 by exhausting his annual and sick leave, defendant is not entitled to an offset. The workers compensation payments ordered to be paid for the period from July 8, 1996 through September 16, 1996 were due and payable at that time because defendant had admitted liability for plaintiffs injury by accident. Plaintiff may choose to buy back his leave benefits according to the policies of defendant. N.C. Gen. Stat. 97-7, 97-42; Estes v. N.C. State University, 102 N.C. App. 52,401 S.E.2d 394 (1991).
5. As a result of plaintiffs compensable injury on March 16, 1996 plaintiff sustained a 10% permanent functional impairment to his back and is entitled to permanent partial disability compensation for 30 weeks at a rate of $235.33 per week for this disability. N.C. Gen. Stat. 97-31(23).
6. Subject to the time limitations of N.C. Gen. Stat. 97-25. 1, plaintiff is entitled to the payment of all medical expenses by defendant as a result of his compensable injury on March 16, 1996, for so long as such examinations, evaluations, and treatments may be reasonably necessary to affect a cure, give relief, or tend to lessen the period of disability. N.C. Gen. Stat. 97-2(19); 97-25.
7. Plaintiff is not entitled to an award of attorneys fees pursuant to N.C. Gen. Stat. 97-88. 1 in that defendants actions were not based upon stubborn, unfounded litigiousness. Sparks v. Mountain Breeze Restaurant,55 N.C. App. 663, 286 S.E.2d 575 (1982).
8. Plaintiff is entitled to an attorneys fee assessed against defendant in the amount of $750.00 pursuant to N.C. Gen. Stat. 97-88.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $235.33 per week for the period from July 8, 1996 through September 16, 1996. This amount has accrued and shall be paid in a lump sum, subject to the attorneys fee provided in paragraph 4 of this AWARD.
2. Defendant shall pay plaintiff permanent partial disability for the 10% permanent functional impairment to his back for 30 weeks at the rate of $235.33 per week beginning September 16, 1996. This amount has accrued and shall be paid in a lump sum, subject to the attorneys fee provided in paragraph 4 of this AWARD.
3. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury on March 16, 1996, subject to the time limitations of N.C. Gen. Stat. 97-25. 1, and for so long as such examinations, evaluations, and treatments may be reasonably necessary to affect a cure, give relief, or tend to lessen the period of disability.
4. A reasonable attorneys fee of twenty-five percent of the compensation due plaintiff under paragraphs 1 and 2 of this AWARD is approved for plaintiffs counsel and shall be paid as follows: twenty-five percent of the lump sums due plaintiff shall be deducted from those sums and paid directly to plaintiffs counsel.
5. Pursuant to N.C. Gen. Stat. 97-88, defendant shall pay $750.00 to plaintiff as attorneys fees for this appeal.
6. Defendant shall pay the costs, including expert witness fees of $150 to Dr. Boone and $250 to Dr. de Araujo.
This is the ___ day of September, 2000.
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER