PATTIE CHRISTOPHER, Employee, Plaintiff-Appellee v. CHERRY HOSPITAL, Employer, SELF-INSURED, Defendant-Appellant

No. COA00-700

(Filed 7 August 2001)

**Workers' Compensation— disability—credit for payments— restoration of vacation and sick leave balances**

Although the Industrial Commission properly concluded in a workers' compensation case that plaintiff's vacation and sick leave payments taken during her period of disability were "due and payable" when made based on the fact that they have been earned by the employee and are not solely under the control of the employer, the Commission erred by concluding that defendant employer is entitled to a credit against compensation payments for those payments and plaintiff employee is entitled to restoration of vacation and sick leave because: (1) the only provision under N.C.G.S. § 97-42 allowing a credit to an employer for payments made to an injured employee is for payments not "due and payable" when made; and (2) for the same reasons that defendant is not entitled to a credit, plaintiff is not entitled to restoration of vacation and sick leave.

Appeal by defendant from opinion and award of the North Carolina Industrial Commission entered 10 March 2000. Heard in the Court of Appeals 17 April 2001.

*Barnes, Braswell & Haithcock, P.A., by W. Timothy Haithcock, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General William H. Borden, for defendant-appellant.*

McGEE, Judge.

Plaintiff was injured during an employer-mandated self-defense class and was unable to work from 6 June 1998 to 11 June 1998 and from 18 July 1998 to 22 September 1998. Because defendant denied plaintiff's request for workers' compensation, plaintiff used fifty-two days of accrued sick leave and vacation leave while she was out of work. The North Carolina Industrial Commission (the Commission), on 10 March 2000, awarded plaintiff temporary total disability compensation of $532.00 per week for the period that plaintiff was out of work. The Commission also awarded defendant a credit for fifty-two

days at the compensation rate of $532.00 per week, and ordered defendant to restore plaintiff's vacation and sick leave on a dollar-for-dollar basis equal to the amount of defendant's credit, minus plaintiff's attorney's fees.

Defendant timely filed notice of appeal. Defendant assigns error to the failure of the Commission to grant defendant full credit for all payments made to plaintiff during her period of disability. Defendant also challenges the jurisdiction of the Commission to order defendant to restore plaintiff's vacation and sick leave balances.

Plaintiff filed a petition for writ of certiorari on 21 August 2000, seeking to assign error to the Commission's grant to defendant of any credit for vacation and sick leave payments made to plaintiff. Because there is no evidence that plaintiff has filed a copy of the petition with the chairman of the Commission as required by N.C.R. App. P. 21(c), we deny plaintiff's petition. We note, however, that defendant's appeal raises the same issues that plaintiff sought to bring before this Court.

"[A]ppellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). Defendant does not bring before this Court a challenge to any of the Commission's findings of fact. Therefore, the sole issue in the present case is whether the Commission's Finding of Fact No. 13 that

> Plaintiff's time sheet from Cherry Hospital shows plaintiff using 27 days of sick leave and 25 days of vacation leave for the work missed due to her compensable injury by accident. These days were not employer-provided sick and disability payments, in that the days had already been earned and accrued by the plaintiff in the course of her employment with the [S]tate of North Carolina. Therefore, the payments made for the vacation and sick leave were due and payable when used by the plaintiff.

supports the Commission's Conclusion of Law No. 7 that

> Defendant is entitled to a credit for the amount of pay received by the plaintiff over the 52 days in which plaintiff received vacation and sick pay, with the credit being based on the $532.00 per week compensation rate. N.C. Gen. Stat. § 97-42.

CHRISTOPHER v. CHERRY HOSP.

[145 N.C. App. 427 (2001)]

and Conclusion of Law No. 8 that

> Plaintiff is entitled to have vacation and sick leave restored on a dollar-for-dollar basis to coincide with the credit received by defendant in order to reach a fair and just result, less the attorney fees hereafter awarded. If the attorney fees are not deducted from the amount of vacation and sick leave restored, the plaintiff's attorney fees will, in effect, have been paid by the defendant. The difference in pay received by the plaintiff that is above the $532.00 per week compensation rate shall stand as vacation or sick leave used by the plaintiff in order to maintain her normal salary and shall not be restored.

Defendant first assigns error to the failure of the Commission to grant defendant a credit for all payments made to plaintiff during her periods of disability. The grant of a credit against compensation payments under the Workers' Compensation Act (the Act) is governed by N.C. Gen. Stat. § 97-42 (1999), which provides:

> Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation.

Whether the Commission may grant defendant *any* credit thus depends on whether defendant's payments to plaintiff for vacation and sick leave were "due and payable" when made. Although the Commission purported to find as a fact that defendant's payments to plaintiff were "due and payable" when made, that determination was actually a conclusion of law and we review it as such.

In *Moretz v. Richards & Associates*, 316 N.C. 539, 342 S.E.2d 844 (1986), the plaintiff-employee was injured on the job and the defendant-employer accepted the injury as compensable under the Act. When the Commission finally specified an award of compensation to the plaintiff, the defendants requested a credit against the compensation that they had already paid to the plaintiff. In affirming the Commission's denial of the credit, our Supreme Court held that:

> Because defendants accepted plaintiff's injury as compensable, then initiated the payment of benefits, those payments were due and payable and were not deductible under the provisions of section 97-42, *so long as* the payments did not exceed the amount

determined by statute or by the Commission to compensate plaintiff for his injuries.

*Id.* at 542, 342 S.E.2d at 846 (emphasis in original). However, the Court went on to hold that because the plaintiff had already received more benefits from the defendants than he was entitled to receive by statute, he had been fully compensated for his injury and the defendants owed the plaintiff no additional compensation. *Id.* at 542, 342 S.E.2d at 846-47.

In *Estes v. N.C. State University,* 102 N.C. App. 52, 401 S.E.2d 384 (1991), as in *Moretz,* the defendant-employer accepted the plaintiff-employee's injury as compensable under the Act. However, the plaintiff did not request workers' compensation, and instead used his accumulated vacation and sick leave to receive full pay until he retired. When the plaintiff was subsequently awarded compensation by the Commission, the defendant requested a credit under N.C. Gen. Stat. § 97-42 for the vacation and sick leave payments made to the plaintiff. This Court held that because the defendant had accepted the plaintiff's injury as compensable, any payments made to the plaintiff were "due and payable" under *Moretz* and no credit was available. *Id.* at 58, 401 S.E.2d at 387. We further held that because an employee's accumulated vacation and sick leave could be used by the plaintiff for purposes other than those served by the Act, they were not tantamount to workers' compensation benefits. *Id.* at 58-59, 401 S.E.2d at 387-88.

> Such benefits have nothing to do with the Workers' Compensation Act and are not analogous to payments under a disability and sickness plan. Unlike the employee in *Moretz,* plaintiff in the instant case cannot be held to have received duplicative payments for his injury or to have received more than he was entitled by the Workers' Compensation Act to receive.

*Id.* at 59, 401 S.E.2d at 388. We held that the plaintiff was entitled to receive the full workers' compensation benefits awarded by the Commission. *See id.*

In *Foster v. Western-Electric Co.,* 320 N.C. 113, 357 S.E.2d 670 (1987), unlike *Moretz* and *Estes,* the defendant-employer *denied* that the plaintiff-employee's injury was compensable under the Act. The defendant instead paid the plaintiff pursuant to its Sickness and Accident Disability Benefit Plan, which provided benefits to employees for all disabling injuries, even those not work-related. The plain-

CHRISTOPHER v. CHERRY HOSP.

[145 N.C. App. 427 (2001)]

tiff received full pay for her first three months out of work, followed by partial pay until she was able to return to work. When the Commission subsequently granted compensation to the plaintiff, the defendant requested a credit under N.C. Gen. Stat. § 97-42 for the payments already made to the plaintiff. Our Supreme Court held that because the defendant had not acknowledged that the plaintiff's injury was compensable under the Act, the defendant's payments to the plaintiff were not "due and payable" when made and the defendant was entitled to a credit for them. *Id.* at 115-16, 357 S.E.2d at 672. The Court reasoned that:

> In cases such as this one where compensability under the Act is disputed, it may be some time before the injured worker begins to receive workers' compensation benefits. . . . Payment by the employer under a private disability plan accomplishes sound policy objectives by providing immediate financial assistance to the disabled worker *while* she is disabled. Through its plan, defendant affords a much-needed continuity of income to injured employees fully consistent with the expressed policies of workers' compensation.

*Id.* at 116-17, 357 S.E.2d at 673 (emphasis in original). The defendant's plan functioned as a wage replacement program much like workers' compensation, so denying the defendant a credit for payments under the plan would provide the plaintiff with a double recovery for the same injury. *Id.* at 117, 357 S.E.2d at 673. Besides being disfavored under the Act, a possibility for double recovery would be a disincentive for employers to have such alternate compensation plans in place. *Id.* However, the Court explicitly declined to consider whether payments made under a plan to which an employee had contributed would likewise be within the purview of N.C. Gen. Stat. § 97-42. *Id.*, n1.

In *Lowe v. BE&K Construction Co.*, 121 N.C. App. 570, 468 S.E.2d 396 (1996), as in *Foster*, the defendant-employer did not accept the plaintiff-employee's injury as compensable under the Act, and instead paid him sick leave compensation. The sick leave plan, like the Sickness and Accident Disability Benefit Plan in *Foster*, provided the plaintiff with three months of full salary, followed by partial salary for the remainder of the plaintiff's time out of work. When the plaintiff was later awarded compensation by the Commission, the defendant requested a credit under N.C. Gen. Stat. § 97-42 for the sick leave payments made to the plaintiff, asserting that they were not "due and payable" when made. This Court held that it was error for the

Commission to deny the credit, citing *Foster* and noting the factual similarity between the two cases. *Lowe* at 576, 468 S.E.2d at 399.

Defendant, in the present case, argues that under the four cases above, whether a payment is "due and payable" when made is determined solely by whether the defendant-employer has first acknowledged that the underlying injury is compensable under the Act. By such reasoning, it would follow that because defendant disputed the compensability of plaintiff's injury, no payment made by defendant during plaintiff's disability was "due and payable" when made and defendant is therefore entitled to a credit for any and all such payments. Such a broad rule clearly was not contemplated by our Supreme Court in *Foster* when it explicitly declined to include within its holding the possibility of a compensation plan with employee contributions. We likewise decline to adopt such a broad *per se* rule in the present case.

Defendant further argues that the analysis in *Estes* in regard to accumulated vacation and sick leave is inapplicable to the present case. Defendant characterizes *Estes* as a two-step analysis, with the first step being whether the employer has acknowledged that the injury is compensable under the Act. Defendant contends that, because it did not acknowledge the compensability of plaintiff's injury, the second step in *Estes* does not apply. It is true that *Estes* held, *not* that accumulated vacation and sick leave payments are "due and payable" when made, but that such payments are not tantamount to workers' compensation and therefore cannot be excess compensation under *Moretz*. However, the reasoning underlying the holding in *Estes* is equally applicable to the present case.

In *Estes*, we held that accumulated vacation and sick leave do not function as a wage replacement program like workers' compensation. We now hold that payments for such vacation and sick leave are "due and payable" when made because they have been earned by the employee and are not solely under the control of the employer. The policy concerns raised in *Foster* are unaffected since, unlike the private disability plan in *Foster*, the use of accumulated vacation and sick leave does not function as a wage replacement program. Accumulated vacation and sick leave are not guaranteed to be available when needed because they must first accumulate. They do not present the possibility of a double recovery because, if not used while injured, such accumulated leave may be used later with no diminished effect. There is no reason that the lack of a credit to an

CHRISTOPHER v. CHERRY HOSP.

[145 N.C. App. 427 (2001)]

employer for payments for accumulated vacation and sick leave during a disability, as opposed to any other time, would serve as a disincentive to allowing employees to accumulate such leave. The reasoning behind the *Foster* decision is not diminished by our holding that payments for accumulated vacation and sick leave are "due and payable" under N.C. Gen. Stat. § 97-42 when made.

Defendant finally argues that *Lowe* requires defendant be granted a credit for payments made to plaintiff. However, as in *Foster*, there is no indication in *Lowe* that the "sick leave compensation" granted to plaintiff was anything other than a private disability plan fully funded by the employer. We conclude that, insofar as our holding in the present case is permissible under *Foster*, it is permissible under *Lowe* as well.

Thus, we hold that the Commission's legal conclusion that plaintiff's vacation and sick leave payments were "due and payable" when made is supported by its Finding of Fact No. 13. However, we hold that the Commission's Conclusion of Law No. 7 that defendant is entitled to a credit for those payments is unsupported by Finding of Fact No. 13, as the only provision in N.C. Gen. Stat. § 97-42 allowing a credit to an employer for payments made to an injured employee is for payments *not* "due and payable" when made.

Defendant also assigns error to the Commission's Conclusion of Law No. 8 that plaintiff is entitled to have a portion of her accumulated vacation and sick leave restored, on the grounds that the Commission lacks jurisdiction under the Act to so order defendant. We need not address defendant's jurisdictional argument because, insofar as defendant is not entitled to a credit under Conclusion of Law No. 7, plaintiff is not entitled to restoration of vacation and sick leave under Conclusion of Law No. 8. We therefore dismiss defendant's assignment of error as moot.

We reverse and remand the Commission's opinion and award for appropriate modification of the award in that Conclusions of Law Nos. 7 and 8 are in error.

Reversed and remanded.

Judges GREENE and CAMPBELL concur.