Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the deputy commissioner with modifications to conform the recited stipulations to the stipulations of the parties dated December 17, 1999, and to include the medical records attached to those stipulations as well as Commission Forms 19, 21, 28, 33, and 33R.
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
The Employee and the Employer/Self-Insured, through their respective counsel, agree to the following stipulations:
1. At all times relevant to this claim, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer on 7 October 1993 when the plaintiff was injured.
3. The City of Winston-Salem is a qualified self-insured.
4. On 7 October 1993, plaintiff was operating a backhoe when the backhoe unexpectedly slammed down, causing injury to his lower back.
5. Plaintiff entered into a Form 21 Agreement with defendant-employer on 2 November 1993, approved by the Commission on 7 December 1993. Plaintiff was paid temporary total disability from 25 October 1993 at the rate of $313.88 per week through 1 October 1995, except for periods of time when plaintiff attempted to return to work with defendant-employer.
6. At the request of plaintiff, defendant-employer re-calculated plaintiff's average weekly wage. His new average weekly wage of $547.54 yielded a compensation rate of $365.04 per week. On 11 October 1995, defendant paid plaintiff the difference between the new compensation rate and the incorrect rate previously used for the period 8 October 1993 through 1 October 1995.
 7. Employer records reflect that employer paid plaintiff temporary total disability benefits on the following dates: 8 October 1993 — 11 October 1993; 22 October 1993 — 9 January 1994; 12 January 1994 — 23 January 1994 (4 hour days); 24 January 1994 — 6 March 1994; 7 March 1994 — 29 March 1994 (4 hour days); 30 March 1994 — 3 April 1994; 19 August 1004; 22 August 1994 — December 4 1994; 22 March 1995 — 15 October 1995; 16 October 1995 — 30 November 1995 (partial days). Each time plaintiff returned to work he received his full pre-injury wage.
8. Employee returned to his regular job as a backhoe operator between 4 April 1994 and 18 August 1994. He returned to light duty work at reduced hours on 26 October 1995 and worked until 30 November 1995.
9. The job plaintiff performed in October and November 1995 was a temporary job, not available to the public generally.
10. On 30 November 1995, Mr. Rice retired from the City under the City's Retirement Disability Plan. The City is part of the Local Governmental Employees' Retirement System of North Carolina. During Mr. Rice's employment, he contributed 6% of his income per pay period to his retirement. Under the retirement plan, once an employee has worked with the City for a five year period, he is entitled to take disability retirement.
11. At the time of his retirement on 1 December 1995, Mr. Rice had contributed $24,907.68 to his retirement plan via payroll deductions.
12. Mr. Rice's disability retirement payments are fully funded by the City until he reaches the age of 62, when his contributions represent a percentage of his retirement benefit. For purposes of this stipulation 11, if the [Commission] determines that this stipulated fact is material to a determination of the defendant's entitlement to an offset, the parties agree that further discovery may be undertaken to establish the correctness of the stipulated fact, and this stipulation will be considered void and of no effect for purposes of any appeal.
13. The medical records attached to these stipulations as Exhibit "A" may be accepted as substantive evidence in this case of what each of the health care providers would have testified to under oath if he or she had been present and examined at the hearing.
14. Each of the records identified in paragraph 13 are authentic and admissible and, if relevant and material, may be received in evidence without further identification or proof.
15. The issues to be determined in this case are: Are the injuries of which plaintiff complains caused by the accident occurring on 7 October 1993; if so, to what compensation, if any, is plaintiff entitled under the Act; and to what credits or considerations is defendant entitled, if any, by reason of plaintiff's retirement 30 November 1995.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On 7 October 1993, plaintiff sustained a low back strain when the backhoe he was operating in the course and scope of his employment with defendant rose in the air and violently slammed against the ground. Plaintiff was 54 years old and had a sixth grade education and a limited ability to read or write.
2. Plaintiff's treating physician took plaintiff out of work and gave him conservative medical care and treatment. An MRI was negative. On 4 April 1994, plaintiff was returned to his regular work duties without restrictions and continued his work duties with defendant until 18 August 1994, when his physician again took him out of work with defendant because of continued complaints of pain to his low back and left leg. Defendant resumed paying temporary total disability compensation benefits. Plaintiff received medical testing, including a bone scan, which was negataive. On 4 December 4 1994, plaintiff returned to his same work duties without restrictions. On 22 March 1995, plaintiff was again taken out of his work because of pain, and defendant again resumed temporary total disability benefits. Plaintiff was diagnosed as suffering from chronic pain syndrome, rated with a five percent disability to his back, and assigned restrictions of lifting no more than 25 pounds, with occasional bending, squatting, trunk rotation, and walking up to 25 yards. Plaintiff retired from his employment with defendant on November 30, 1995.
3. Plaintiff's chronic pain is the direct result of the 7 October 1993, injury. Plaintiff's preexisting conditions of hyperlordosis, or curvature of the spine, and obesity were aggravated by the 7 October 1993 injury, and have impeded plaintiff's recovery.
4. After 7 October 1993, plaintiff has continued to suffer from back and left leg pain for which there is no medical remedy other than medication and physical therapy. Plaintiff's condition has not improved and is chronic.
5. Without seeking Commission approval, defendant unilaterally terminated plaintiff's workers' compensation benefits on or about 1 December 1995, when plaintiff began receiving disability retirement benefits. Plaintiff filed a Form 33 request for a hearing in order to compel defendant to reinstate benefits. Defendant filed a Form 33R response which stated that plaintiff had been released to return to light duty work on a graduated basis and that defendant considered plaintiff eligible for disability retirement. The parties have stipulated that the light duty work was make work.
6. Plaintiff has contributed to the cost of the disability insurance and retirement plan sponsored by defendant. As stipulated by the parties, however, disability retirement benefits paid before plaintiff reaches age 62 are fully funded by defendant, and it is not until plaintiff reaches age 62 that his contributions are utilized under the plan.
7. Defendant has not provided plaintiff with suitable employment and has not located suitable jobs in the relevant job market.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's chronic back pain and leg pain were caused by the 7 October 1993, injury by accident arising out of and in the course of plaintiff's employment with defendant. G.S. § 97-2(6).
2. Plaintiff is entitled to ongoing total disability compensation benefits after 7 October 1993, at the rate of $365.03 per week until plaintiff returns to work or until further order of the Commission. G.S. § 97-29.
3. Defendant was not entitled to cease payment of plaintiff workers' compensation benefits on 1 December 1995, and plaintiff is entitled ongoing workers' compensation benefits after that date. G.S. § 97-29.
4. As plaintiff's workers' compensation benefits were due and payable on 1 December 1995, defendant is not entitled to a credit for payments to plaintiff under the disability retirement plan. G.S. § 97-42; cf.Estes v. North Carolina State Univ., 102 N.C. App. 52, 401 S.E.2d 384
(1991).
5. Defendants shall pay for reasonable and necessary medical treatment to effect a cure, give relief, or lessen the period of plaintiff's disability, subject to the limitations of § 97-25.1. G.S. §§97-2(19), 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff ongoing total disability compensation benefits from 1 December 1995, at the rate of $365.03 per week, less the attorney fee approved in this Award, until plaintiff returns to work or until further order of the Commission. Any accrued amount shall be paid in a lump sum directly to plaintiff, less the attorney fee herein approved, which shall be paid directly to plaintiff's counsel.
2. Defendant shall pay all medical expenses reasonably required as a result of plaintiff's 7 October 1993 injury.
3. An attorney fee of 25 % of the compensation herein awarded is approved and awarded to plaintiff's counsel. Twenty-five percent of the lump sum award shall be paid to plaintiff's counsel per paragraph 1 of this Award. Of the continuing benefits to be paid, defendant shall pay each fourth weekly compensation payment directly to plaintiff's counsel.
5. Defendant shall pay the costs, including reasonable fees to Dr. Douglas H. Adams and Dr. William Brown for their depositions, if not previously paid.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/ DIANNE C. SELLERS COMMISSIONER